UNITED STATES v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court, D. Maine. August 30, 1901.)

No. 182.

1. UNITED STATES — ACTIONS BY—SUBJECTION TO SUMMARY EQUITABLE PROCEEDINGS.

Where the United States voluntarily submits itself to the jurisdiction of a court by instituting a civil action therein, it may be subjected to equitable proceedings of a summary character with reference to the subject-matter; as when the action is on a statutory contractor's bond which also secures claims of others, aggregating an amount exceeding the penalty of the bond, by reason of which fact the surety is compelled to invoke the aid of a court of equity to marshal the claims, the court may stay the action until the United States submits its claim for adjustment to the court of equity, or may permit the surety to present the same facts in the action at law, and render judgment therein in accordance with the rights and equities of all parties in interest.

2. SAME.

The court states its reasons why summary jurisdiction should not be exercised in this particular case.

Action at Law. On motion for a stay of proceedings.

Isaac W. Dyer, U. S. Atty.

Anthoine & Talbot, for defendant.

PUTNAM, Circuit Judge. This is a suit at common law, brought on the same bond which is under consideration in this court in the cause in equity of the American Surety Company against the Lawrenceville Cement Company and others. It is enough to say that William Morgan, one of the defendants in this case, was a contractor with the United States, and that the other defendant, the American Surety Company, is a surety on his bond as such contractor. In the equity cause the American Surety Company filed its bill, alleging that the claims on it as surety for Morgan, including the claim of the United States, are in excess of the penal sum of the bond, namely $18,000, and that it is willing to discharge those liabilities to the full amount of the penal sum as soon as it can be ascertained to whom it shall be paid, and in what amounts. The bill was brought for the purpose of assisting the American Surety Company in making that ascertainment, and for marshaling the various claims against it as such surety. All the claimants are respondents to that bill except the United States. The United States were allowed to intervene therein, and they did appear by their attorney for the district of Maine, and file an intervention. Afterwards, on their motion, the attorney was allowed to withdraw his appearance, but the intervention remains, although, so far as yet ascertained by us, the intervention is of no substantial value; at least, the United States have so far refused to submit their claim to the adjudication of the court in the equity cause, and persist in having their rights determined in this common-law suit. The pendency of the equity cause, under the circumstances, is a matter of which we can take judicial notice. Machine Co. v. Goddard, 37 C. C. A. 221, 95 Fed. 664, decided by the circuit court of appeals for this circuit on June 1, 1899.

110 F.—58

The suit in equity to which we have referred is the same in which opinions were filed by us on July 17, 1899 (96 Fed. 25), and August 23, 1901 (110 Fed. 717).

Under these circumstances, the American Surety Company has filed its motion in this case, asking that the further prosecution of this action be stayed until the United States submit to the equity jurisdiction in the other cause, and file and prove their claim, if any they have, therein. We are very strongly of the impression that we have the power to grant this motion, and that, also, if there were no other practical remedy, we should do so. It is true that no proceeding by any judicial tribunal can be taken against the United States, not even to the extent of restraining them, in the cause in equity, from proceeding in this suit, although that cause is only ancillary to this and to the other common-law suits against the same parties pending in this court. Notwithstanding this, however, where the United States have voluntarily submitted themselves to the jurisdiction of judicial tribunals by asking relief, they subject themselves to equitable proceedings of a summary character with reference thereto. This was strikingly illustrated in The Siren, 7 Wall. 152, 19 L. Ed. 129, and in Carr v. U. S., 98 U. S. 433, 25 L. Ed. 209. Indeed, this goes so far that there can hardly be any doubt that, by bringing a suit at common law, the United States subject themselves to set-offs, even of an equitable character. While counter proceedings in suits by the United States are ordinarily referred to the statutes recognizing expressly rights of set-off in such suits, yet even the supreme court seems to have recognized them as existing independently thereof. U. S. v. Ringgold, 8 Pet. 150, 163, 8 L. Ed. 899.

In Stanley v. Schwalby, 147 U. S. 508, 513, 13 Sup. Ct. 418, 37 L. Ed. 259, the court recognized anew the rule that, where the United States intervene by way of suggestion in a suit between private individuals, notwithstanding the United States do not become parties to the case, the court, on their suggestion, has the power to stay the suit altogether, or to adjust its judgment according to the rights disclosed. This constitutes a summary exercise of an equitable power, arising from the necessity of the case, because the United States cannot, under the circumstances, become parties of record. On the same principle, where individuals are unable to make the United States parties to a suit brought for the purpose of working out an equitable solution of all questions involved, the court may stay a countersuit brought by the United States, or adjust its judgment therein according to the fundamental rights of all interested.

We will observe that the intervention of the United States in the equity cause referred to, even if under compulsion of the granting of the motion under consideration, would not be making the United States defendants in litigation. It would be strictly analogous to the right which the United States have to intervene as claimants to a fund in the registry of the court, a right which sometimes affords them their only practical remedy, and, therefore, a right which the high executive officers of the government are justified in availing of, notwithstanding the various decisions of the supreme court that even the attorney general cannot waive exemption to suit. Therefore, we

are strongly of the impression that it is within our power to grant this motion, with certain modifications and conditions. Nevertheless, it is necessary for us to inquire what would be gained thereby. So far as we can perceive, nothing would, except a speedier adjustment of all the questions involved, because we are of the opinion that the American Surety Company may, in this suit at common law, present to the court all the facts which are justifiable in the equity cause, so that thus, in this suit, we may apply the same rule of priority, if priority exists, or of pro rata distribution, if the law requires pro rata distribution, as the chancellor would. Consequently, as we are of the opinion that ultimately the United States can recover no more in this suit than if they were compelled to submit to our jurisdiction in the equity cause, so that all that could be gained thereby would be a speedier termination of the questions involved, our conclusion is that there are not sufficient substantial interests at stake to justify us in proceeding in the summary way which this motion asks for. We reach this conclusion, not only because the exercise of summary power in staying a suit jeopardizes the ultimate rights of the parties, or, at least, embarrasses them in reaching the determination of those ultimate rights in the appellate tribunals, but, also, because, unless there is a strong necessity therefor, the court, as now constituted, is unwilling to make use of discretionary powers, and prefers to let litigation take its regular course, according to the rules of the common law.

As, however, we cannot foresee all future developments, and as they may justify some action on this motion, we will not deny it, but we merely postpone its consideration.

Ordered, that the motion filed by the American Surety Company on August 14, 1901, be held for further consideration, in accordance with the opinion of the court passed down this day.