AMERICAN SURETY CO. OF NEW YORK v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. April 14, 1903.)

No. 451.

1. SURETY—DEFENSES TO ACTION ON BOND—ESTOPPEL.

In an action by the United States on the bond of a contractor for public work, which also secured the claims of subcontractors and materialmen, the surety set up as special defenses a prior recovery on the bond, as a partial discharge of its obligation, and also the pendency of a suit in equity, brought by it to marshal all claims under the bond in which a decree had been entered requiring it to pay claims, the amount

of which had not at that time been ascertained. A demurrer to such defenses was overruled, and plaintiff filed no further pleading, taking issue thereon. The cause was tried, and a verdict returned, fixing the amount of plaintiff's damages at a sum which, together with the judgment previously paid, was still less than the obligation of the bond; but before judgment had been entered thereon defendant paid the amount required to satisfy the decree in the equity suit, and filed a motion asking that judgment be entered only for the amount of the penal obligation of its bond, after deducting the sums paid in satisfaction of the prior judgment and decree, which left a balance smaller than the verdict. *Held*, that it was not precluded from setting up such matters by the fact that it did not make proof of the same in the action, since, even if they were not admitted by plaintiff's course of pleadings, they were at that time insufficient in law to show that defendant's existing liability was less than the amount of the verdict, and would not, therefore, if proved, have affected the amount of the recovery.

In Error to the Circuit Court of the United States for the District of Maine.

See 110 Fed. 913.

Thomas L. Talbot, for plaintiff in error.

Isaac W. Dyer, U. S. Atty.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. We find no error in the instructions of the Circuit Court, submitting to the jury the question of the amount of damages resulting to the United States from Morgan's breach of contract, nor in the jury's verdict as an assessment of the amount of the plaintiff's damages. Whether the court should have entered judgment for the amount of the verdict is a question of some difficulty. The informal brief statement of defense set up a former recovery in an action on the bond, and payment of a judgment of $6,643.38. The defendant's brief concedes that the satisfaction of this judgment still left enough of the penal sum of the bond to cover the verdict. It becomes unnecessary to consider whether the fact of a former recovery was conclusively admitted by the plaintiff's course of pleading and conduct at the trial, or whether the defendant was bound to make proof of the judgment. If proved, it would not have amounted to a full discharge of the defendant's legal obligation on the bond, and the question whether the former recovery was an entire bar to the plaintiff's action of debt for the penal sum has not been presented in such manner that we can notice it. The brief statement also set up the pendency of a suit in equity by the defendant against various claimants on the bond, and the entry of a decree ordering the payment of a dividend of an amount which "cannot at this time be accurately stated." As there was no allegation that any amount had been actually paid by the defendant upon the decree, the statement of defense did not show that the proceedings in the equity suit had gone so far as to discharge the defendant from any part of its legal obligation.

The substance of the allegations as to a former recovery and a former decree was merely that a part of the legal obligation on the bond had been discharged, namely, the amount of the judgment already satisfied; but this was insufficient to show that the defendant was

not still legally liable on its bond to an amount in excess of the verdict. Therefore, had there been full proof of the former recovery, and former decree in equity, this alone would have been insufficient to discharge legal liability on the bond. The proceedings in equity, while proper matter to be considered by the court upon a motion to stay proceedings, could not be regarded as amounting to a legal defense.

The case presented two distinct questions, which should not be confused: First. The plaintiff's damage. This was properly assessed by the jury. Second. The defendant's existing legal obligation on the bond. Payment of the former judgment had not reduced this obligation to an amount less than the verdict; and the equity suit had not so far progressed as to have resulted in a discharge of any part of the legal liability of the surety company. If this were all of the case, it would follow that neither the amount of the verdict nor the amount of the judgment at law could have been affected by the special defenses of a former recovery and former decree. Before the entry of judgment, however, the defendant, by motion in writing, brought upon the record allegations of a state of facts different from that set up in the brief statement of defense. From this motion it appeared that the defendant had not only satisfied a former judgment for $6,643.38, but had also, since the rendition of the verdict, paid to persons whose claims were allowed in the equity suit the amount of $3,010.22. Upon the allegations it appeared, therefore, that upon a surety bond for $18,000 the defendant had already paid out $9,653.60; that the unpaid balance was $8,346.40; and that, if compelled to pay a judgment for the full amount of the verdict, the entire amount paid would exceed by $3,550.19 the total amount of the penal sum of the bond. This was not only a more definite, but an entirely different, showing of fact from that made by the brief statement of defense.

Upon the court's order that the United States should demur, answer, or plead to said motion, a plea was filed to the effect that before the close of the jury trial the "court offered the defendant an opportunity to present such evidence as defendant desired to the jury, tending to show prior payments and the liability to further and additional payments from the sum secured by said bond as set forth in the brief statement; but that the defendant neglected and refused to offer any evidence on these points to the jury." The court ordered the filing of affidavits by both parties, and thereupon found that the allegation of the plea that the American Surety Company neglected to offer evidence was true, and ordered that the plea be allowed. To this order exceptions were duly taken. Thereafter, judgment was entered for the amount of the verdict.

While we are unable fully to comprehend the course of procedure in this case, we think that, as there was no demurrer to the defendant's motion, and as the plea of the United States was adjudged sufficient, we must now assume that these proceedings were either justified by the local law or assented to by the parties as a proper mode of raising the questions passed upon by the court. We will therefore consider the correctness of the decision that, because of its failure to offer proof of the special defense at the jury trial, the surety company was

precluded from its motion that judgment should be rendered only for the balance of the penal sum of said bond, after deducting therefrom the sum already paid in satisfaction of the judgment, and the sum paid as dividends in the suit in equity.

The plaintiff's demurrer to the special defenses had been overruled, and the issue tendered by these pleas ended in demurrer. No request was made by the plaintiff to withdraw its demurrer, or to join issue, or even to go to trial upon the matter of the special pleas. Under such circumstances the matter of fact would seem to have been confessed. But it is unnecessary to determine this. Whether it was confessed or not, it was wholly insufficient in law to show that the defendant's existing liability was less than the amount of the verdict. If proved, it could not have affected the amount of the judgment.

The only material fact affecting the judgment is that before judgment the defendant had so far discharged its obligation on the bond that a judgment for the full amount of the verdict would impose upon the surety company a greater obligation than it had assumed by executing the bond. This fact was first brought upon the record by the defendant's motion as to the amount of the judgment. The fact that the defendant had satisfied the former judgment, when coupled with the fact that he had also paid out under decree in equity an additional amount, was a sufficient reason for not entering judgment in the amount of the verdict, which was a sum which the defendant did not then owe.

We are unable to see, therefore, that the plea of the United States had any relevancy whatever to the matter presented by the motion, which was new, and different from that presented by the statement of defense.

We are of the opinion, therefore, that there was error in the order adjudging the plea sufficient, and consequently in the entry of final judgment pursuant to such order. We see no reason, however, for disturbing the verdict of the jury as an assessment of damages, or which precludes the Circuit Court from further consideration of the defendant's motions as to the amount of the judgment and as to a stay of further prosecution of the suit at law until the United States submits itself to the equity jurisdiction of the Circuit Court. Our conclusion is that the final judgment and the order adjudging sufficient the plaintiff's plea to defendant's motion after verdict be set aside, that the defendant's motion as to the amount of judgment be reinstated, and that the case be remanded to the Circuit Court for further proceedings not inconsistent with this opinion; and it is so ordered.

The judgment of the Circuit Court is reversed, and this case is remanded to that court, with directions to set aside the order adjudging sufficient the plaintiff's plea to defendant's motion after verdict, to reinstate the defendant's motion as to the amount of judgment, and to take further proceedings not inconsistent with our opinion filed this day.