UNITED STATES v. AMERICAN SURETY CO. OF NEW YORK.

AMERICAN SURETY CO. OF NEW YORK v. LAWRENCEVILLE CEMENT CO. et al.

Circuit Court, D. Maine.   December 22, 1903.)

Nos. 513, 182.

1. UNITED STATES—BOND OF CONTRACTOR FOR PUBLIC WORK—SUITS AGAINST SURETY.

A surety company was surety on the bond of a United States contractor, and several actions at law having been brought against it on the bond by the United States and others furnishing labor or material to the contractor, the claims aggregating more than the penalty of the bond, it filed a bill in equity praying that such claims be marshaled and adjusted, and the amount for which it was liable be distributed; that further proceedings in the actions at law be enjoined.   The injunction was granted against all claimants except the United States, and all other claims were proved and allowed in the equity suit.   The United States refused to submit its demand to the equity court, but proceeded in the action at law until it obtained a verdict, after which the surety, by a motion, set up a dividend paid by it to the other creditors under orders of the court of equity.   Pending such motion the other creditors moved in the equity suit for a final distribution.   Held, that all creditors, including the United States, were entitled to share in the fund pro rata, and that, to secure such end, an order would be entered requiring payment to be made by complainant surety on that basis to all creditors whose claims were before the court; complainant on making such payments to be discharged from further liability to such creditors, and with leave granted it in the action at law by the United States to set up such payments by a supplemental motion as a matter affecting the amount of the judgment to be entered on the verdict.

At Law and in Equity.

Thomas L. Talbot and Henry C. Wilcox, for American Surety Co.
Benjamin Thompson and Charles F. Libby, for Lawrenceville Cement Co. and others.
Isaac W. Dyer, U. S. Dist. Atty.

PUTNAM, Circuit Judge.   These cases were heard together on sundry motions yesterday.   At that time we intimated orally to the parties our conclusions on the various matters presented to us, but, to avoid the mistakes which are liable to arise from the complications involved in these cases, we will put on file this opinion.

The condition of both cases is sufficiently shown by the opinions of this court in American Surety Company v. Lawrenceville Cement Company, 110 Fed. 717, and in United States of America v. American Surety Company of New York, 110 Fed. 913, and in the opinions of the United States Circuit Court of Appeals in The Thomas Laughlin Company v. American Surety Company of New York, 114 Fed. 627, 51 C. C. A. 247, and American Surety Company of New York v. United States of America, 123 Fed. 287.

The first application submitted to us in the equity case was in behalf of the surety company, to the substantial effect that, among other things, we should enjoin the United States from proceeding in the suit at law without first submitting themselves to the jurisdiction of this

court in the pending equity case.   For reasons already fully stated in our previous opinions, showing that the right to recoup against the United States as a litigant does not go so far as to authorize us to grant such relief, we dismissed this application.   There was also submitted a petition in behalf of the respondents, as claimants, for a final distribution on the principles stated in our previous opinion.   110 Fed. 717.   That we have granted, as will appear by the order at the close of this opinion.

There was also an application in behalf of the United States to be permitted to appear specially in the equity suit to raise certain questions of jurisdiction.   The attorney for the United States for this district, having been inquired of by the court whether the United States would intervene further than as stated in this application, replied in the negative, whereupon the application was denied.

In the suit at law, as appears by the opinion already referred to (123 Fed. 287), a mandate had been filed as follows:

"The judgment of the Circuit Court is reversed, and this case is remanded to that court, with directions to set aside the order adjudging sufficient the plaintiff's plea to defendant's motion after verdict, to reinstate the defendant's motion as to the amount of judgment, and to take further proceedings not inconsistent with our opinion filed this day."

Judgment was accordingly entered   setting aside the order adjudging the plaintiff's plea sufficient, reinstating the defendant's motion, and giving time to the United States to answer the same.   It was also stated orally that, if the answer of the United States raised an issue of fact, the case would necessarily be held for the jury, unless the parties agreed to waive the jury as provided by statute.   We also said that, in the event further distribution was made by the American Surety Company in the chancery suit, according to the order entered therein appended hereto, an opportunity would be given the American Surety Company to set up that fact, acting seasonably, either by a new motion of the kind discussed in the opinion of the Circuit Court of Appeals in American Surety Company of New York v. United States of America, or by an amendment to that motion—this with the view of making sure that all questions were got into the record in the suit at law, so that all rights might be properly settled therein.

In disposing, however, of the substantial questions before us, we are embarrassed by the line of reasoning found in the opinion of the Circuit Court of Appeals in American Surety Company of New York v. United States of America.   Our attention is specially directed to the fact that that opinion observes that the Court of Appeals was "unable fully to comprehend the course of procedure."   This reference, as well as certain omissions in that opinion, accentuates the difficulty which we have in dealing with both cases.   The defendant's motion referred to in the mandate is quite fully stated in the opinion of the Court of Appeals, and it is treated in that opinion as an attempt to bring into the suit at law payments made according to the decrees in equity subsequent to the verdict in the suit at law, for the purpose of reducing the amount for which judgment should be rendered in the suit at law to the extent of these payments.   The opinion, therefore, necessarily holds the mere fact of payment is a matter of substance,

which, consequently, as it occurred subsequent to the verdict, should properly have been taken cognizance of in the Circuit Court on a plea of puis darrein continuance. Following this out to its logical conclusion, the result might be that the United States would secure judgment to the extent of the balance of the penal sum of the bond which the proceedings would thus show remaining unpaid, and thus, by a mere matter of priority, defeat the possibility of the respondents and claimants in the suit in equity receiving anything beyond the percentage already in their hands. Inasmuch as all the claims, including that of the United States, were pending at the same time; this would be equitable, unless the rule of pro rata among all pending claimants, adopted by us in the opinions which we have passed down, already referred to, and in the proceedings in the suit in equity, are rejected. Even then the result would be unjust, because the respondents in the suit in equity commenced suits against the American Surety Company long before the suit of the United States was begun, and would have obtained their judgments in those suits, except for the fact that we held them under injunction. Thus, in any view of the case, their obedience to the process of this court in equity would subject them to a gross injustice.

On the other hand, in the decree entered in the cause in equity on the 13th day of September, 1901, which is the same referred to in the order appended to this opinion, and in the opinion accompanying that decree, we maintained, so far as we had jurisdiction so to do, the rule of equality on the pro rata basis as among all pending claims, and directed distribution accordingly. All this occurred before the trial of the suit at law in behalf of the United States, in which the verdict of September 24, 1901, was rendered, although, on account of appeal being taken, the payments thus ordered were not made until after the decision of the Court of Appeals on the appeal, which was in 1902. In our disposition of the motion of the American Surety Company in the common-law suits which came before the Court of Appeals, and with reference to which our action was reversed, we regarded the time when payments were made as wholly immaterial; assuming that the decree of September 13, 1901, establishing the rights of all the claimants, to which decree the American Surety Company was a party, was the only substantial thing. For the reasons already stated, however, to carry out to its logical conclusion that the mere fact of the payment we have referred to was a substantial matter would do such gross injustice that, under the peculiar circumstances which we have stated, we are forced to assume that all the conditions were not brought to the attention of the Court of Appeals, and that that court has not in fact rejected our theory of a pro rata equality. Consequently we are making our present orders such as to give full effect to that theory.

In the common-law suit, in connection with the leave which we have given the United States to answer the motion of the American Surety Company which was before the Court of Appeals, we said orally that we would allow the American Surety Company, on seasonably making further payments in accordance with the decretal order appended hereto, to show also the fact thereof by proper proceedings in the suit of the United States against it. We have thus disposed of all

the matters submitted to us, except only that, in view of what we have stated, we direct, in the case of the American Surety Company v. Lawrenceville Cement Company et al., the following decretal order:

## Decretal Order.

Considering that, pursuant to the supplemental report of the master filed on September 18, 1901, and the schedules therein contained, which report was duly confirmed by an order of September 23, 1901, and that pursuant further to the decree entered on September 13, 1901, and the order aforesaid of September 23, 1901, a primary dividend was ordered and paid of 30 per cent., computed on all the claims tabulated as aforesaid, amounting to $17,514.28, with interest thereon computed to the 24th day of January, 1901, amounting in all to $19,714.65, which dividend amounted in all to $5,914.34; and considering that the penalty of the bond given by the complainant, as set forth in this cause, is $18,000; and considering that the complainant is not yet in default, so that it is not yet chargeable with interest on said $18,000; and considering that therefore the entire liability of the complainant, and the entire amount upon which dividends are to be computed, is $18,000, and no more; and considering further, nevertheless, that the complainant has had the use of said $18,000 pending this litigation, so that it is equitable that it should pay the fees and charges hereinafter referred to; and considering further that it is agreed by the parties hereto, and also appears by the records of this court, that in the suit at common law, No. 182, entitled "American Surety Company of New York v. United States of America," the claim of the United States for which it is entitled to share with reference to the bond aforesaid is $11,896.59, as of the 24th day of September, 1901, according to the verdict of the jury rendered on the day last named; and considering further that it has already been determined by this court that, inasmuch as all the claims tabulated by the master in his report aforesaid, and said claim of the United States, at the time of the filing of the bill in this case, were pending, and still are pending, and have been in no part paid, except as paid by the dividend aforesaid under the decree aforesaid, which decree expressly reserved equality for all claimants, so that, as already determined by this court, all the claims, including that of the United States, should share pro rata and equally according to the amount originally due on each; and considering that, by their petition filed on the 3d day of November last, the respondents herein, or some of them, prayed that this court would order a final payment to each of them by the complainant, in accordance with the orders and decrees heretofore referred to; and considering that the complainant does not object to the allowance of said last named petition, and that this court is of the opinion that the same should be allowed:

Now, therefore, it is ordered, adjudged, and decreed that the claimants are entitled to receive from the complainant a final pro rata payment computed as follows, to wit: The amount due the United States according to the verdict aforesaid shall be computed as of said 24th day of January, 1901, by deducting therefrom the interest on

said amount of $11,896.59 from said January 24th to the date of rendering of the verdict aforesaid, thus determining the value of the amount due the United States according to said verdict as of said 24th day of January; that the amount thus ascertained shall be added to the total amount upon which a dividend was computed according to the report and decree aforesaid, namely, $19,714.65, making thereby a total amount upon which the distribution of said sum of $18,000 is to be computed, and the percentage to be paid therefrom ascertained; that thereupon the entire amount for which each claimant is entitled to share in said sum of $18,000 shall be determined according to the percentage thus estimated; that the several claimants to whom the dividend of 30 per cent. has heretofore been paid shall be adjudged and determined entitled to the amount represented by the difference between said 30 per cent. and the final percentage ascertained as herein set out; that the sum remaining, being the entire percentage, estimated as herein provided, due the United States as on said 24th day of January, shall be retained by said American Surety Company for such further orders, decrees, and judgments as may hereafter be made in this cause, or in said suit of United States v. American Surety Company, or elsewhere; that whatever loss of interest accrues or may accrue, if any, to the United States, on account of the method of computation herein ordered, shall, so far as the cause is concerned, be accepted and taken as the necessary result of the refusal of the United States to voluntarily share on the principles determined in this cause; that the said master make such final and supplemental report, tabulating the claims and the dividends payable thereon, in accordance with the directions and rules determined hereby; that, on the coming in and confirmation of said report, the complainant will be entitled to a final decree to the effect that, on completing the additional payments to the several respondents and other claimants who are willing to accept the same, according to said report as affirmed, within such time as said decree shall determine, or on the deposit in the registry of this court of the amount so to be paid within said time so determined, and, further, upon the payment within a time to be determined of all the fees in this cause of the master and of the clerk of this court, to said respondents and other claimants, the complainant shall be discharged from all liability to said respondents and said claimants, and shall be entitled to a perpetual injunction against the commencement or further prosecution by said respondents or other claimants, and each of them, of any suit or other proceeding with reference to the premises, excepting only that neither the payments to be made as herein provided, nor the decree discharging the complainant from further liability, or enjoining suits or other proceedings, shall relate in any way to the United States.

It is further ordered, adjudged, and decreed that, unless the complainant shall make such payments or the deposit in the registry of the court as herein provided, this bill shall be dismissed, with costs to the respondents, provided that no costs shall be recovered by either party except as already ordered.

It is further ordered, adjudged, and decreed that the cause be held for further directions, orders, and decrees.