### UNITED STATES v. AMERICAN SURETY CO. OF NEW YORK.

#### (Circuit Court of Appeals, First Circuit. February 3, 1905.)

#### No. 554.

1. UNITED STATES—BOND OF CONTRACTOR FOR PUBLIC WORK—DISTRIBUTION OF PROCEEDS.

In the distribution of the proceeds recovered on the bond of a contractor for government work, conditioned as required by Act Aug. 13, 1894, c. 280, 28 Stat. 278 [U. S. Comp. St. 1901, p. 2523], the United States is not entitled to priority over laborers or materialmen who are also secured by the bond.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. United States, § 59.]

2. SAME—LIABILITY OF SURETIES.

The liability of the sureties on the bond of a contractor for government work, conditioned as required by Act Aug. 13, 1894, c. 280, 28 Stat. 278 [U. S. Comp. St. 1901, p. 2523], is limited to the penalty therein named, although the bond contains two distinct obligations—one to the United States, and the other to persons furnishing labor or materials in the prosecution of the work.

In Error to the Circuit Court of the United States for the District of Maine.

For opinion below, see 126 Fed. 811.

Isaac W. Dyer, U. S. Atty.

Thomas L. Talbot, for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and LOWELL, District Judges.

LOWELL, District Judge. There is no need to state the details of the litigation involved in the case at bar. The question now presented is this: In distributing the proceeds of a bond given in accordance with the act of Congress of August 13, 1894, c. 280, 28 Stat. 278 [U. S. Comp. St. 1901, p. 2523], has the United States priority as against persons supplying labor and materials in the prosecution of the work?

In United States v. Heaton, 128 Fed. 414, 63 C. C. A. 156, the Circuit Court of Appeals for the Third Circuit denied priority, in an extended opinion, and in an earlier stage of the case at bar this court seems to have acted upon the same conclusion. 123 Fed. 287, 59 C. C. A. 256. Under these conditions, we follow the decided cases.

The United States further contended that, even if it was entitled to no priority as such, yet it was entitled to payment of its claim in full, on the ground that the bond contained two distinct obligations—one to satisfy the claim of the United States, and the other to satisfy the claim of laborers and materialmen; the full amount of the penalty being recoverable under each head. Thus to double the sum expressed in the bond as a maximum guarantor's liability is without warrant in the terms of the written contract, and has no support from the authority of decided cases.

The judgment of the Circuit Court is affirmed, and neither party recovers costs in this court.