RUSSELLVILLE WATER & LIGHT COMPANY v. SAUERMAN.

RUSSELLVILLE WATER & LIGHT COMPANY v. BENEFIELD.

RUSSELLVILLE WATER & LIGHT COMPANY v. CARPENTER.

RUSSELLVILLE WATER & LIGHT COMPANY v. BALL.

Opinion delivered October 20, 1913.

1. APPEAL AND ERROR—OMISSIONS IN RECORD—CURED HOW.—Where appellees ask an affirmance on the ground that a contract, material to the issues involved, was not brought into the record, the omission will be held to be supplied, when appellees in their brief admit the use of the contract in the court below, and in a motion asking an affirmance state that if the court considers the contract here, that permission to file an additional brief be granted, the contract being fully set out in the additional brief. (Page 506.)

2. MECHANICS' LIENS—RIGHT OF MATERIAL MEN AND LABORERS UNDER CONTRACT BETWEEN PRINCIPAL AND CONTRACTOR.—W contracted to construct a dam for appellant, the contract providing that the dam should be turned over to appellant "free of all liens for labor or materials," that moneys advanced, be used first in payment of all labor, material and other liens. Fifteen per cent of the contract price was to be retained. W became bankrupt without paying

appellees, who were labor and material men. In an action by
appellees against appellant to collect the amount due them by
W out of the 15 per cent retained by appellant, *held*, the pro-
vision of the contract for the retention of the 15 per cent was for
the protection of appellant against laborers and material men, and
there being no privity between appellant and appellees, the reser-
vation of part of the contract price will not be construed for the
benefit of appellees, in the absence of more specific language to
that effect.   (Page 509.)

Appeal from Pope Chancery Court; *Jeremiah G.*
*Wallace,* Chancellor; reversed.

### STATEMENT BY THE COURT.

On November 14, 1908, the Russellville Water &
Light Company entered into a contract with one Fred
Wilson to build a dam across the Illinois river and a
reservoir, in Pope County, Arkansas, for the purpose
of furnishing power for a water and light plant in the
city of Russellville. The contract, among other things,
provided that the dam was to be constructed for the sum
of $34,700, 85 per cent of the value of the transporta-
tion, labor and material furnished during the period then
ending, to be determined by the engineer in charge, was
to be paid to Wilson and the remaining 15 per cent was
to be retained until ten days after the completion of the
work and the possession of the dam delivered to the
Russellville Water & Light Company. The dam was to
be delivered to the company "free from all liens for
labor or material, or purchase money or otherwise."
The money to be paid Wilson under the contract was to
be applied, first, to the payment of all labor, material or
other liens, and should not be used for any other pur-
pose until such payments were made, and Wilson could
not demand any of the semi-monthly payments until he
had shown that the preceding semi-monthly payments
had been disbursed as provided by the contract. State-
ments as to the amount of the disbursements were to be
furnished by Wilson to the company on demand. The
contract provided that the money for all labor, machin-
ery, appliances or material shall be deducted from any
moneys due said Wilson or that may thereafter become

due to him from said water and light company'' under the terms of the contract; that if at any time there should be any evidence of any liens or claims for which the company might become liable and which are chargeable to the said Wilson, then and in that event the water and light company shall have the right to retain out of any of the payments then due or thereafter to become due to the said Wilson an amount sufficient to completely indemnify said water and light company against said liens and claims.'' The cases are considered together.

The plaintiffs, Benefield and others, filed their separate complaints in the Pope Chancery Court, in which some of them set up that they had performed work and labor on, and others that they had furnished material for, the dam at the request of Wilson, setting forth the respective amounts of their several claims. The complaint in the Benefield case set up the contract of the water and light company with Wilson; alleged that Wilson had completed the reservoir and dam except a small portion and some extra work agreed upon between himself and the company, amounting to only a small per cent of the entire contract; that Wilson, about the time of the completion of the contract, had been adjudicated a bankrupt, and that he was insolvent; that he had absconded and his whereabouts was unknown to the plaintiffs; that under the contract the company had reserved 15 per cent of all sums due Wilson until all labor and material used by him were fully paid, and that this amounted to about five thousand dollars, and was largely in excess of the amount due plaintiffs; that plaintiffs should be paid out of this amount; that they had been subrogated to the rights of Wilson to the amount of their respective claims, *pro tanto*, and asked that they have judgment against the water and light company for said amounts. The contract was made an exhibit to the complaints.

There was a special demurrer to all the complaints, setting up that they showed on their face that the claims were barred by the statute of limitations; that the plain-

tiffs had not complied with the statute for preserving their liens, and that the court was without jurisdiction. The court did not pass on the demurrer. An answer was filed, denying all the material allegations of the complaints, and, among other things, setting up that if the plaintiffs were entitled to subrogation to the rights of Wilson, that their claims had been litigated and settled in the bankruptcy proceedings; that the claims sued on were barred by the statute of limitations; that plaintiffs had not attempted to enforce their claims under the statute for preserving liens on the property and had not complied with that statute in any particular. The demurrers to the complaints were renewed in the answers. It does not appear that they were passed upon by the court.

The court, after hearing the testimony, rendered a decree reciting "the cause was heard upon the pleadings and the exhibits thereto and the depositions of witnesses." The court found that the company was indebted unto the plaintiffs in the various amounts, which are set forth in the respective decrees, and entered a judgment for such amounts, with costs. An appeal was prosecuted in each of the cases.

*A. S. Hays, J. M. Martin* and *Danaher & Danaher,* for appellant.

1. The complaint is bad, and the demurrer should have been sustained, because it does not allege that ten days' notice had been given to the owners before filing the lien. Kirby's Dig., § 4976; 150 S. W. 770; 147 S. W. 620. This notice should have been in writing. 20 Am. & Eng. Enc. of L. (2 ed.) 380; 51 Ark. 302. The demurrer should have been sustained because it fails to set out facts sufficient to show that plaintiffs had a lien and the right to enforce it, and fails to show that the material furnished was actually used in the construction of the dam. 30 Ark. 682; *Id.* 29; 77 Ark. 156; 84 Ark. 562; 20 Am. & Eng. Enc. of L. (2 ed.) 346.

2. Appellee's right to recover would depend on the right of Wilson to recover, had he completed the work,

and the evidence shows he could have recovered nothing. 77 Ark. 35; *Id.* 156; 84 Ark. 560.

*R. B. Wilson* and *J. T. Bullock,* for appellees, in causes numbered 2617-19-20.

For the omission from the record of the contract, which was material evidence as appears by the court's decree, the judgments should be affirmed, the presumption being that the omitted evidence was sufficient to sustain the court's decree.    45 Ark. 240; *Id.* 306; 58 Ark. 135; 38 Ark. 477; 35 Ark. 230.

The decree is right and should be affirmed.    Fed. Stat. Ann. 125, 28 Stat. L. 278; 92 Fed. 549; 34 C. C. A. 526-530; 100 Fed. 400; 40 C. C. A. 450-453; 135 Fed. 78, 67 C. C. A. 552, *syl.* 1; 128 Fed. 918; 63 C. C. A. 644, 645.

*A. S. Hays* and *Danaher & Danaher,* for appellant in reply.

1.    The contract was attached to the complaints and abstracted as a part of them.    See Benefield case.    Documents attached to the pleadings need not be repeated. 88 Ark. 477.

2.    The reservation was optional with appellant, and was solely for its benefit, and even if it had been a bond it could not have inured to the benefit of the material men or laborers.    86 Ark. 298; 37 Cyc. 314; *Id.* 317; 194 Pa. St. 571, 45 Atl. 333; 6 Col. App. 541, 41 Pac. 844.

Wood, J., (after stating the facts).    In the cases of *Russellville Water & Light Company* v. *Sauerman & Ball, D. C. Carpenter, J. M. Ball and T. C. Cole,* numbered respectively 2617, 2619 and 2620, the appellees ask the court to affirm the judgments for the reason that the contract, which is material to the determination of the issues involved, and which was in evidence below, is nowhere brought into this record.

There is an agreement of record here by the attorneys representing the respective parties in the above cases that the transcripts now on file here in each of the causes may be used as a part of the transcript in the other causes; that the causes may be submitted the same

as if the matter contained in each of them were contained in all of the others. By an examination of the record in one of the causes we find that the answers allege the existence of a contract between the company and Wilson, and that the reply of one of the plaintiffs to the answer admitted the contract between the company and Wilson, and the reply to the answer states as follows: "That the defendants by their contract with said Fred Wilson kept and agreed to withhold and withheld 15 per cent of all funds due said contractor for the purpose of paying any indebtedness in the construction and erection of the improvements in controversy; that said defendants after the bankruptcy of said Fred Wilson appropriated said 15 per cent so held back by them to their own use and interest, when in equity and good conscience the same should have been applied to the payment of plaintiff's claim."

The appellees, in their briefs, acknowledge that the contract was adduced in evidence. Since the appellees admitted the existence of the contract, and show in their briefs that it was considered by the lower court, we are of the opinion that the causes should not be affirmed because of the omission from the transcript of the contract upon which appellant relies to sustain its contention.

Counsel, in their brief, in presenting this motion for affirmance, state that "if the court should be inclined to have this contract considered here," we respectfully ask permission to file as a part of our brief and argument the brief and argument of Hon. U. L. Meade, filed in the case of *Russellville Water & Light Company* v. *H. D. Benefield et al.* In that case the contract is fully set out, and copied by Mr. Meade in his brief. This statement of the attorneys, we are of the opinion, supplies the omission of the appellant to set forth the contract in the record and in its abstract, and sufficiently brings to the attention of the court the contract that was in evidence, and upon which the court, in part, based its decree.

The only remaining question therefore is whether or not under the terms of this contract as shown in the Benefield case the appellees were entitled to recover.

The contract, after providing for the erection of the reservoir and dam and specifying the manner in which same should be completed and the time for the completion of the same, contains the following:

"*Third.* The company shall pay to the said contractor for the construction and completion of the said dam and reservoir in accordance with said plans and specifications and this agreement to the satisfaction of the company, the sum of thirty-four thousand seven hundred dollars in lawful money, which said sum shall include the cost of all labor, machinery, freight thereon, installation thereof and all materials and other things used in and about the construction and completion of the said dam and reservoir, as well as other items of cost which may be incurred by the said contractor or those working for or under him in the erection and completion of said dam and reservoir under this contract. Said sum of money shall be paid to the contractor semimonthly as the construction of said dam and reservoir shall progress, 85 per cent of the actual value of the cost of transportation and the installation of all machinery and appliances placed on said premises, and all labor performed during the erection and completion of said dam and reservoir during the period then ending, shall be paid to the contractor, which value is to be determined and ascertained by the engineer then in charge of the said work, as herein provided, and the remaining 15 per cent shall be retained by the said company and not paid to the contractor until ten days after the completion of the said work and the possession thereof delivered to the company, free of all liens for labor or materials or purchase money or otherwise. It is understood and agreed in this connection that the contractor will use and supply all moneys so advanced to him under this contract at first, to the satisfaction and payment of all labor, materials and other liens used in and about the construction of the said dam and reservoir, and shall not divert or use any of the same for any other purpose until all amounts owing by the contractor for such labor,

materials and other things are fully paid off and discharged, and such contractor shall not have the right to demand any of the said semi-monthly payments until he has shown to the satisfaction of the engineer then in charge, that the preceding semi-monthly payments have been disbursed as herein provided.''

It is contended by the appellees that they have an equity in the 15 per cent retained by the company under the contract until the completion of the work, but we are of the opinion that this provision of the contract was made expressly for the benefit of the company, and not for the benefit of laborers and material men. The contract provides that the dam and reservoir should be turned over to the appellant ''free of all liens for labor or materials or purchase money or otherwise,'' and it provides that all moneys advanced to the contractor shall be used, first, for the payment of all labor, material and other liens, and that the contractor shall not have the right to demand the semi-monthly payments until he has shown to the satisfaction of the engineer in charge that the money previously advanced had been used to pay off the claims of laborers and material men. All this was to be done, under the contract, before the 15 per cent was due and payable to the contractor.

Taking all of the provisions together, they clearly show that the 15 per cent to be retained by the company was for its protection against any lien for labor or materials.

The provisions of the contract under consideration are similar to the provisions in the contract and bond under consideration in the cases of *Eureka Springs Stone Co.* v. *First Christian Church,* 86 Ark. 212, and *Morris* v. *Nowlin Lumber Co.,* 100 Ark. 253. In those cases, construing similar provisions, we held that the provisions of the bond were for the benefit of the owner of the buildings to be erected, and not for the benefit of laborers and material men.

There was no privity of contract between the appellant and the appellees. The contract was made with

Wilson, and the reservation of part of the contract price due him upon the completion of the dam and reservoir and the delivery of possession thereof to the appellant can not be construed as for the benefit of the appellees in the absence of more specific language to that effect. See *Pine Bluff Lodge of Elks* v. *Sanders,* 86 Ark. 292-299.

The appellees rely upon certain decisions of the Circuit Court of Appeals to support their contention, towit: *Anniston Pipe & Foundry Co.* v. *National Security Co.,* 92 Fed. 549, 34 C. C. A. Rep. 526; *United States, etc.,* v. *Rundle et al.,* 100 Fed. 400, 40 C. C. A. Rep. 450; *United States* v. *American Surety Co., etc.,* 135 Fed. 78, 67 C. C. A. Rep. 552, and *Chaffee* v. *United States Fidelity & Guaranty Co.,* 128 Fed. 918, 63 C. C. A. Rep. 644. These decisions are grounded on an act of Congress for the "protection of persons furnishing materials and labor for the construction of public works." See Vol. 6, Fed. Stat. Ann., p. 125. The act, among other things, provides for a bond to be given by the contractor with good and sufficient sureties "that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract, * * * upon which (contract and bond) the said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their benefit against said contractor and sureties," etc.

It is clear from the provisions of this statute that the contracts and bonds under them are, in part, expressly for the benefit of laborers and material men, since they are given a right of action thereon. These authorities are not applicable to the contract under consideration.

The undisputed testimony shows that at the time Wilson abandoned his contract he was indebted to appellant in a sum in excess of the amount of the 15 per cent reserved. After Wilson left, appellant had to expend a

large sum in excess of the 15 per cent to finish the dam and reservoir.

It follows that the decree was erroneous. It is therefore reversed and the causes are dismissed.