UNITED STATES v. MORRIS et al.

(District Court, D. Colorado. December 16, 1918.)

No. 6833.

1. COURTS ⬤480(1)—FEDERAL COURT HAS NO JURISDICTION OF ACTION AGAINST OFFICER OF STATE COURT.

A federal court is without power to entertain a suit against a sheriff, to require him to disregard the orders of a state court as to execution of its process, having no relation to any matter pending in the federal court.

2. COURTS ⬤478—MONEY COLLECTED ON PROCESS FROM STATE COURT PASSES OUT OF ITS CUSTODY WHEN PAID OVER.

Money collected on process from a state court, when paid over to the plaintiff, passes out of the jurisdiction of the court, and a federal court may entertain a suit to require such plaintiff to hold the money subject to the rights of an intervener in the state suit, whose claim to an interest in the fund has not yet been finally adjudicated.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. UNITED STATES ⬤⟿67 (3)—GOVERNMENT NOT ENTITLED TO SHARE IN INTEREST ON PENALTY OF BOND OF CONTRACTOR FOR PUBLIC WORK.

The right of the United States to share pro rata in a judgment recovered by laborers and materialmen on the bond of a contractor for public work, given under Act Aug. 13, 1894 (Comp. St. § 6923, note), where the judgment is for the amount of the penalty of the bond, with interest on their claims, does not extend to such interest.

In Equity. Suit by the United States against Ernest Morris and others. On motions to dismiss and to strike. Sustained in part.

Harry B. Tedrow, U. S. Dist. Atty., of Boulder, Colo., and Frank Hall, Asst. Atty. Gen., for the United States.

S. S. Sherman and E. M. Sherman, both of Montrose, Colo., for defendant Sherman.

Ernest Morris, of Denver, Colo., pro se.

James A. Marsh and Norton Montgomery, both of Denver, Colo., for defendant Bailey.

Bartels & Blood, of Denver, Colo., for defendants McPhee & McGinnity.

Catlin & Blake, of Montrose, Colo., for defendant McClelland.

LEWIS, District Judge. A proper understanding of the purpose of the bill may be more readily obtained by a statement of the material facts involved in the controversy. In 1904 the Taylor-Moore Construction Company, a corporation, made a contract with the plaintiff to construct to completion the Gunnison Tunnel, which was to be a part of the plaintiff's Uncompahgre Valley irrigation project, in Montrose county. On the making of the contract the plaintiff took from the Construction Company a bond, conditioned in accordance with the terms of the Act of August 13, 1894 (28 Stat. 278). The bond, however, was executed in seven like parts to accommodate the sureties, and the sureties obligated themselves, respectively, in different amounts. The Taylor-Moore Company were not able to execute their contract, and turned the work over to the plaintiff a few months after they begun. The plaintiff thereupon completed the construction, and charged the cost to the contractor, as it had a right under the contract to do. In 1905 suit was brought on the bond against some of the sureties, in the State court in Montrose County, by a number of persons and corporations, who had furnished labor and material to the Taylor-Moore Construction Company, who had not been paid. They recovered judgment. The case was appealed by the bondsmen to the State Supreme Court, and is found in McPhee v. U. S., 174 Pac. 808. Prior to the trial of the case the plaintiff, having completed the work, intervened in that case, and it, too asked judgment on the bond for the amount that it had expended in completing the tunnel, over and above the contract price with Taylor-Moore. The trial court denied that relief to the plaintiff, and it also appeared as one of the appellants in the Supreme Court. That court reversed the action of the trial court in denying judgment in favor of the plaintiff as intervenor. When the

case went back on mandate the plaintiffs proceeded to take out executions on their judgments, and considerable sums were collected on the writs. Thereupon this plaintiff again appeared in the State court and asked that court for an order directing the holding of those funds in the registry of that court until it could obtain its judgment, asserting that all sums realized, and that thereafter might be realized, on the bond, was a trust fund in which it would be entitled to share. The motion was denied, and the officer who had executed the writs theretofore issued and realized sums thereon, was directed to turn the money over to the attorneys of the plaintiffs who had recovered the judgments, and to likewise turn over to them any further sums that might be realized. Thereupon the plaintiff filed this bill against the attorneys who had received the moneys, their clients, all other judgment creditors in the State court, and against the sheriff and his deputies. The bill sets up the foregoing facts, and gives in detail the amount of each judgment and by whom recovered, and it asks, among other things, "that said defendants and each of them may be required to account and pay to the United States of America its proportionate part of the funds derived from said executions," and "that the plaintiff may have such other and further relief as to the court may seem equitable." Motions to dismiss, and motions to strike parts of the complaint, have been filed by some of the defendants.

The motion of S. S. Sherman, E. M. Sherman, and Henry W. Catlin to strike a part of paragraph 7 of the bill is sustained.

The motion of defendant Morris to strike a part of the bill is overruled.

[1] The motion of Dewey C. Bailey, sheriff, and F. S. Boyer, his deputy, to dismiss as to them is sustained. The motion of these two officers is sustained because any attempt on the part of this court to control their actions as officers of the State court, or to give them any directions as to their duties as such, would be unwarranted interference with the State court and the execution of its process.

[2] The chief argument in support of the other motions to dismiss the entire bill has been based upon the contention that to maintain it and give the relief above noted would be to interfere with the State court and the execution of its judgments. An examination of the authorities cited in the briefs on both sides leads to the conclusion that this contention is not sound. Having ordered that the bill be dismissed as against the officers of the State court, there has been taken out of the bill any claim for a basis on which that contention could rest. The judgment creditors are now as free as they heretofore have been to take any steps they wish in the collection of those judgments. The relief which the bill seeks as against them is to restrain them from disposing of the money so collected, or distributing it among the other judgment creditors, until the plaintiff can be heard on its claim that all moneys recovered on the bond must be treated in equity as a trust fund, and distributed pro rata among all judgment creditors, including the plaintiff, when it shall have obtained its judgment. As soon as writs issue on those judgments heretofore obtained, and the money

realized has been turned over to any of the plaintiffs, or their counsel, the jurisdiction of the State court over that fund has been exhausted, and its powers are then at an end.

[3] But the amount recovered in the State court against the sureties who were there sued was in each instance far in excess of the amount that each surety bound himself for in the bond. To illustrate: T. B. Townsend bound himself for only $10,000.00, whereas the judgment entered against him on July 7, 1914, was for $17,050.00. The excess was by way of interest from the time of the breach, which was approved by the Supreme Court, and that court cites a case from Maine in which the added interest is characterized as "damages for detaining the damages which they (sureties) bound themselves to pay at a prior date." A very large part of the amount thus far collected is composed not only of that interest but also of interest that has accrued on those judgments from the time they were rendered up to the time payment was made under the executions. This is not the time for a final determination of the question as to whether the penal sum named in the bond should be treated as a trust fund and pro-rated between the plaintiff and material-men and laborers upon the works. Some authority so holding has been cited by plaintiff's counsel, and none directly to the contrary by defendants. Circuit Judge Putnam so held in Surety Co. v. Cement Co. (C. C.) 96 Fed. 25, and entered a decree in accordance with that holding in U. S. v. Surety Co. (C. C.) 126 Fed. 814, which decree was affirmed by the Court of Appeals, 135 Fed. 78, 67 C. C. A. 552, and there is strong intimation from the Supreme Court in support. Fidelity & Guaranty Co. v. Struthers Wells Co., 209 U. S. 306, 28 Sup. Ct. 537, 52 L. Ed. 804. But I do not think that the principle announced by Judge Putnam can be carried to the extent of including the interest collected by the judgment creditors as a part of the trust fund, if it should finally be decided that there must be an equitable pro-rating.

The motions of the several defendants to dismiss the bill will be overruled, and the defendants, and each of them, will be enjoined from distributing, or otherwise disposing, of any and all amounts heretofore realized, and hereafter to be realized, on their executions, or otherwise received from their judgment debtors, except interest collected by them on said judgments. The injunction will extend only to the principal of the amount received from the respective sureties.

A motion was submitted on behalf of the plaintiff to require the defendants who have any of said funds in hands to deposit the same in the registry of this court until the amount of plaintiff's damage can be ascertained in the State court, so that it would be on hand when the question of prorating was finally settled, if a decree to that effect shall be obtained. But there is no allegation in the bill that the defendant or defendants who now hold the funds is or are insolvent, or that there is any other cause to suspect that the fund will not be forthcoming if the plaintiff is successful in this suit. The present order will therefore go no further than above noted, but the plaintiff may at any time hereafter ask for such further orders in respect thereto as it may be advised to be necessary in its interest, after the answers come in.

The defendant Morris also filed a motion to show cause why counsel for complainant should not be punished for contempt on account of certain language objected to in the bill. That motion is likewise overruled.

The defendants may have time and until January 6th next to answer.