United States for use *v.* Hegeman.

*Principal and surety—Taking of note for book account—Extension of time—Release of surety—Conflicting evidence—Act of congress of August* 13, 1894, 2 *U. S. Comp. Statutes*, 2523.

Where a creditor on a book account accepts notes to the amount of the book account, the mere fact of the acceptance of the notes raises no presumption that the notes were in payment of the book account; it will be presumed that they were merely taken as collateral security for the book account.

In an action by the United States for the use of a material man against a contractor and his surety on a bond given under the Act of Congress of August 13, 1894, 2 U. S. Comp. Statutes, p. 2523, where it appears that the material was charged against the contractor on the books of the material man, and that subsequently the latter accepted notes of the contractor to the amount of the book account, without knowledge of the surety, and thereafter extended the notes without knowledge of the surety, and the evidence is conflicting as to whether the notes were accepted as payment or merely taken as collateral security, the case is for the jury, and a verdict and judgment against the surety will be sustained.

In an action on a contractor's bond given under the act of congress of 1894, to recover for timber furnished to the contractor, freight and demurrage on the timber may properly be recovered from the surety as part of the cost of the timber.

Argued Oct. 29, 1902. Appeal, No. 65, Oct. T., 1902, by American Surety Company of New York, from judgment of C. P. No. 3, Allegheny Co., May T., 1900, No. 106, on verdict for plaintiff in case of United States for use of the Nicola Brothers Company v. W. W. Hegeman and Fred Russell, trading as W. W. Hegeman & Company, and the American Surety Company of New York. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a contractor's bond given under the Act of Congress of August 13, 1894, 2 U. S. Comp. Statutes, 2523.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

[If, however, the notes were simply taken as collateral security, were not taken in payment but were taken as a means of raising money upon the part of both Hegeman & Company and Nicola Brothers, with the understanding that the book account was still to remain open, then the taking of the notes was not a payment of the book account; and although the taking of the Hegeman & Reilly notes might be a payment of the Hegeman & Company notes, that would not be a payment of the book account, and the surety company would still be liable. So that you see it is an important question of fact for you to determine, as to what circumstances attended the taking of these notes,—whether the notes were taken in payment or were simply taken as collateral security. That will be the fact for you to determine. If you find that these notes were taken as payment, then to the extent of those notes (I think they represent $2,300 of this claim), to the extent of that $2,300, this claim has been paid, so far as the American Surety Company is concerned.

If you find that the notes were taken simply as collateral security, or as a means of accommodation for the raising of money, then the payment of those notes by the receipt of the notes of Hegeman & Reilly would not be a payment of the book account, and the surety company would still be liable.

You will consider then the question of payment, because it is practically the only question of fact in the case,—as to whether these notes were taken in payment or whether they were not ; and as you find that, that will determine the question of whether the plaintiff can recover for the $2,300 or not.]     [1]

The court refused the following points offered by defendant [7] :

That the plaintiff cannot recover in this action on the ground that it appears from the evidence that the plaintiff extended the time of payment of any claim it ever had against Hegeman & Company and thereby discharged the surety. *Answer :* Refused.

That if the testimony of Mr. Nicola is true that the original

note given for the material furnished was taken up by a payment of part cash and a new note was discounted and the proceeds applied to the payment of the balance of the old note, that the old note was thereby paid and the surety is discharged or the time was extended without notice to the surety and the surety discharged. *Answer :* Refused.

That the plaintiff cannot recover for the following item: July 24, 1899, demurrage, $152. *Answer :* Refused.

That under all the evidence the jury should find for defendant, the American Surety Company. *Answer :* Refused.

Verdict and judgment for plaintiff for $3,102.90. American Surety Company of New York appealed.

*Errors assigned* among others were (1, 7) above instructions, quoting them.

*A. J. Rose*, with him *W. S. Thomas*, for appellant.—It was not necessary in order to discharge the surety on the bond that the notes should have been received as payment by the use plaintiff, but their mere acceptance without the consent of the surety amounted in law to an extension of time of payment, and operated to release the surety from liability: Siebeneck v. Anchor Sav. Bank, 111 Pa. 187 ; Riddle v. Thompson, 104 Pa. 330 ; Hubbard v. Gurney, 64 N. Y. 457 ; Greene v. Bates, 74 N. Y. 333 ; Shipman v. Kelley, 9 App. Div. 316 (41 N. Y. Supp. 328) ; Martens-Turner Co. v. Mackintosh, 17 App. Div. 419 (45 N. Y. Supp. 275) ; Reed & Barton v. Ashe, 18 App. Div. 501 (56 N. Y. Supp. 126) ; Brown v. Mason, 55 App. Div. 395 (66 N. Y. Supp. 917) ; Miller v. Stewart, 9 Wheat. 680 ; United States v. Boecker, 21 Wall. 652 ; Reese v. United States, 9 Wall. 13 ; United States v. American Bonding & Trust Co., 89 Fed. Repr. 925 ; United States v. Freel, 92 Fed. Repr. 299.

Under the circumstances disclosed, the mere receipt of the notes, we submit, amounted to an agreement to extend the time of payment, and being without the assent of the surety, released it from liability.

Under the provisions of the statute it has been expressly held by the federal courts that it was the intention of congress to protect by the act under discussion only labor used directly upon the public work : United States to use of Sabine, etc., Ry. Co. v. Hyatt, 92 Fed. Repr. 442.

Under the various lien laws it has been repeatedly and expressly held that it must be shown that the work or material claimed for was actually furnished and used in the execution and completion of the contract, and that it is not enough that it was connected with the furnishing of the labor or of the material: First National Bank v. Redman, 57 Maine, 405 ; McCormick v. Los Angeles Water Co., 40 Cal. 185 ; Goodrich v. Gillies, 62 Hun (N. Y.), 479 (17 N. Y. Supp. 88) ; Rinn v. Electric Power Co., 3 App. Div. 305 (38 N. Y. Supp. 345).

*William M. Hall, Jr.*, with him *W. B. Adair*, for appellee.— The state of facts in this case will not release a surety; Weakly v. Bell & Sterling, 9 Watts, 273 ; Oliphant v. Church et al., 19 Pa. 318; McIntyre v. Kennedy et al., 29 Pa. 448; Brown v. Scott, 51 Pa. 357 ; Shaw et al. v. Church, 39 Pa. 226 ; Hunter v. Moul, 98 Pa. 13 ; Buck v. Wilson, 113 Pa. 423.

OPINION BY MR. JUSTICE DEAN, January 5, 1903 :

September, 1899, Hegeman & Company, consisting of Hegeman & Russell, contracted with the United States to build a dam at Herr's island on the Allegheny river, and the same month gave bond to the United States with the American Surety Company as surety, having among others, a covenant to pay all persons for material and labor supplied in the work. Nicola Brothers supplied the timber necessary to the carrying out of the contract; the custom of dealing between them and the contractors, was for the latter to give their notes from time to time to Nicola Brothers for about the book account price of the timber payable at the date of the notes, which notes were indorsed by the payees and discounts procured by indorsers ; as they fell due they were paid in whole or in part; for whatever balance was unpaid, renewal notes of the same kind were given by the contractors. Nicola Brothers kept a book account against the contractors, charging them up regularly as the timber was furnished.

On August 11, 1899, the firm of Hegeman & Company was dissolved by the retirement of Russell and the introduction of a new member Reilley, the firm name thereafter being Hegeman & Reilley. At the dissolution, there were three of the Nicola Brothers' notes outstanding, one for $1,500, one for

$1,200 and one for $800, an aggregate of $3,500. These notes were given on the account of Nicola Brothers for timber furnished the contractors; the new firm assumed payment of them and addressed a note to Nicola Brothers, dated October 12, 1899, saying, the new firm would become jointly liable for the notes if payment were extended until November 10, following. To this Nicola Brothers assented. The assent of the surety company to giving the notes or to their extension, was not obtained; the notes were not paid; Nicola Brothers now bring this suit on the book account against the surety, claiming to recover on the covenant in the bond conditioned for the payment of all persons for material supplied. The contractors made no defense but the surety set up a defense to the amount of the claim embraced in these three notes, alleging that not only was there an express agreement made by Nicola Brothers to extend the time of payment with Hegeman & Reilley, the new firm, but also, that the mere acceptance of the notes without the assent of the surety operated in law as an extension, which released the surety. There was evidence on the part of plaintiffs, that the notes were taken only as collateral to the book account for the benefit and accommodation of the contractors; and there was evidence on the part of defendants, that they were given and accepted as payment. The court below submitted the conflicting evidence to the jury, instructing them, that if they were accepted as payment, to the amount of them, there could be no recovery; on the other hand if they were accepted as collateral only, to be used for the purpose of raising money, with the understanding that the book account was still to remain open, then the plaintiffs could recover. The verdict was for plaintiffs and defendant, the surety company, brings this appeal.

The principal assignments of error raise but the single question, did the court err in not deciding as matter of law that the evidence showed an agreement for extension on part of Nicola Brothers without the consent of the surety? The facts, that the creditors did agree to an extension of time on the notes to the principal debtor and that they did accept the notes, without the consent of the surety are not disputed. Does it follow that the surety was thereby released? We think not from the bare facts. There is no implied promise

from the agreement, to extend the debt on the book account, or that by the acceptance of the notes the creditor would accept them as payment, nor is there an implication from them that the debt evidenced by the book account should be paid by the notes. The question is so fully discussed by CLARK, J., in Buck v. Wilson, 113 Pa. 423, and the authorities so extensively therein cited, that repetition would be a waste of time. The same subject is also fully discussed by STRONG, J., in Shaw & Leigh v. First Associated Reformed Presb. Church, 39 Pa. 226, and by this court in many other cases. The creditor gave time not on the original debt by book account but on the notes, and as held in Buck v. Wilson supra, there was no extension of time on the book account; it could have been sued on before the notes became due. Whether, outside what appeared in the letter of October 12, 1899, and on the face of the notes, there was an understanding, other than the notes themselves expressed, that was a question of fact which the jury answered in favor of plaintiff, and under the decisions the presumption is, they were taken merely as collateral to the original debt, that is, they neither paid nor extended it.

Justice STRONG, in the case last cited, while noticing the English cases which seem to decide that taking a time note suspends action on the original debt, at least until maturity of the note, says: " But the late Pennsylvania cases take different ground and follow the ruling in Pring v. Clarkson, 1 Barn. & Cress. 14, in which it was decided that the acceptance of a new bill from the acceptor of a former bill after it had became payable for the payment of the same debt at a future day, could only be considered taking collateral security, and therefore did not amount to nor imply giving time to the acceptor." In the case before him, Shaw & Leigh contractors for building a church, filed a mechanic's lien and issued a sci. fa. thereon; at the trial defendants offered a receipt from the contractors for three notes equaling the amount of the lien claimed, at sixty, ninety and one hundred and twenty days, for bricks delivered to the church and signed by the contractors. There was some evidence as to the understanding of the parties when the notes were given, and the court below left it to the jury to find whether they were received as payment, reserving the point as to whether they were in law a payment and thereby a re-

linquishment of the right to file a lien. The jury found for plaintiff, that is, that they were not in the understanding of the parties a payment; afterwards the court entered judgment for the defendant on the reserved point. This was the error assigned and the question on which this court passed in the very full opinion by Justice STRONG. It seems to me the ruling is decisive of the case before us.

If the acceptance of the notes of themselves implied a payment, notwithstanding the verdict of the jury, that they were not so intended, the lien was ipso facto relinquished; so here, if, as argued by appellant's counsel, the notes themselves implied a payment of the original debt ·or an extension of it, notwithstanding the verdict of the jury, that it was in fact not intended as a payment but was only the taking of a collateral security, then the judgment ought to be reversed; but the court below in the case cited was reversed for deciding the point in the very way appellant now asks us to decide it. We will not do so, not only because such decision would be flatly against precedent, but also because the precedents are founded on sound reasons.

As to the fourth assignment which complains of the refusal of the court to withdraw from the jury the charges for freight and demurrage on the timber, .we think these were properly a ·part of the cost of the timber furnished by Nicola Brothers to defendants in the prosecution of the work. The expenses of transportation entered into the cost of the timber as much so as the cost of the chopping and hewing it in the woods.

All the assignments of error are overruled and the judgment is affirmed.