CHAFFEE v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1904.)

No. 1,643.

1. CONTRACTOR'S BOND—DISCHARGE OF SURETY—AMOUNT RESERVED TILL COMPLETION OF BUILDING—UNTIMELY PAYMENT.

The fact that the owner pays a building contractor the per cent. of the contract price which, under the contract, should have been reserved till the completion of the building, does not release a surety on the contractor's bond, given to secure prompt performance of the work, and also the moneys due laborers and materialmen, from liability to the laborers or materialmen.

2. SAME—ACCEPTANCE OF ADVANCES BY MATERIALMAN.

A materialman does not discharge a surety on the contractor's bond, given to secure moneys due laborers and materialmen, by receiving acceptances from the contractor, and thereby extending the time of payment, where the acceptances have not been paid, and it does not appear that the contractor was solvent when they were made and insolvent when they were due, or that the extension resulted in loss or injury to the surety.

3. SAME—EXTENSION OF TIME.

An extension of time to a contractor by a materialman, who might in the first instance have fixed the time of the maturity of his claim without the knowledge or consent of a surety on the contractor's bond given to secure moneys due laborers and materialmen, does not release such surety.

---

¶ 2. Discharge of surety on building contract by change in obligation or duty of principal, see note to United States v. Walsh, 52 C. C. A. 427.

Appeal from the Circuit Court of the United States for the District of Nebraska.

Martin Langdon, for appellant.

James McCabe (E. G. McGilton, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM.  This was a suit in equity brought by the United States Fidelity & Guaranty Company, the surety on a bond of the Omaha Building & Construction Company to the state of Nebraska, which was conditioned that the building company would comply with the terms and conditions of a contract between it and the state, and would well and truly pay for all material and labor entering into, or employed in the construction of, an addition to the insane hospital of the state, which the building company undertook to construct. The purpose of this suit was to enjoin the appellant, Clarence L. Chaffee, among others, who had furnished materials to the building company which had been used in the erection of the structure, from bringing an action at law upon the bond, and to compel its cancellation and surrender.  The fidelity company obtained a favorable decree in the court below, which its counsel seek to sustain in this court upon two grounds.

They say that the fidelity company was released because the state paid to the building company, before it was due, the 15 per cent. of the contract price which by the terms of the agreement between them was reserved until the completion of the work.  But minor changes in the contract or in its execution made by the principal parties to it without the knowledge of the laborers or materialmen who furnished the work and supplies to construct the building do not release the surety from his liability to the laborers or materialmen under a bond of the nature of that in suit, which has two functions—first, to secure to the owner of the building a prompt performance of the contract; and, second, to secure to the laborers and the materialmen the payment for the work and materials which they bestow upon the building. United States, to Use of Anniston Pipe & Foundry Co., v. National Surety Co., 92 Fed. 549, 552, 34 C. C. A. 526, 529.

In the second place, they say that the fidelity company was released from its obligation to pay Chaffee because after his claim became due he received acceptances for it from the building company, and thereby extended the time of its payment.  But the acceptances were not paid; there is no pleading and no evidence that the building company was solvent when they were made, and insolvent when they were due, or that the extension of the time of payment which they effected resulted in any loss or injury to the fidelity company; and the mere extension of the time of payment of his claim by a laborer or by a materialman, who could in the first instance have fixed the time of its maturity without the knowledge or consent of the surety, does not release the latter from liability to pay it under a bond of the character of that here in suit.  United States Fidelity &

Guaranty Co. v. United States, etc., 24 Sup. Ct. Rep. 142, 48 L. Ed. ——, filed December 7, 1903.

The decree below is reversed upon the authority of the two cases cited, and the case is remanded to the court below, with instructions to enter a decree against the fidelity company for the amount owing upon the claim of Chaffee, with interest.