Argued February 13, affirmed February 19, 1924.

# L. A. MARTIN *v.* GLENBROOK FARMS CORPORATION.

(222 Pac. 1102.)

**Master and Servant — Right to Monthly or Weekly Payment of Wages not Waived by Neglect to Make Demand.**

1. Under an employment by the day, week or month, for no fixed time, with no agreement as to time of payment, the wages are due at the close of each day, week or month, as the case may be, and the right to monthly or weekly payments is not waived by neglect to demand the wages each week or month.

**Appeal and Error—Findings Based on Express Admissions by a Party cannot be Questioned on Appeal by Him.**

2. On appeal a defendant cannot question findings which accord with his express admissions in the case, and hence, in an action for wages, the employer had no right to object that the verdict was contrary to evidence where it was in accord with admissions of indebtedness made by him.

**Appeal and Error—Findings by Court in Law Action Supported by Competent Evidence cannot be Disturbed.**

3. Where there is competent evidence to sustain a finding by the court in the trial of a law action without a jury, such finding cannot be disturbed on appeal.

**Appeal and Error—Request for Ruling, Adverse Ruling and Exception Necessary for Review on Appeal.**

4. Error in exclusion of allowances in findings of a recovery for wages could not be considered on appeal in absence of a request for a ruling, an adverse ruling and an exception taken thereto and recorded.

**Costs — Statute Awarding Damages on Appeal for Delay Inapplicable to Debatable Legal Questions not Reviewed Because of Defect in Record.**

5. Section 560, Or. L., providing for damages where an appeal is taken for delay, does not apply to cases involving debatable legal questions, the failure to obtain a review of which is solely due to some defect or omission in the record arising from a failure to observe a rule of practice.

From Douglas: J. W. Hamilton, Judge.

Department 2.

Affirmed.

For appellant there was a brief and oral argument by *Mr. Albert Abraham*.

For respondent there was a brief and oral argument by *Mr. B. L. Eddy*.

McCOURT, J.—The defendant, Glenbrook Farms Corporation, owns and operates a large orchard and stock farm in Douglas County, Oregon. For some time prior to May 10, 1921, plaintiff and four others, viz.: Charles T. McCoy, Herman Bauer, Lilly Barrett and R. E. Johnston, were employees of defendant, performing labor upon and about defendant's orchard and ranch. The wages of each employee were fixed by agreement between defendant and the employee, but no express agreement was made as to duration of employment or time of payment. Plaintiff was employed by the day at wages of four dollars

per day.   McCoy was employed by the day at wages
of five dollars per day.   Bauer was employed by the
month at the agreed wages of forty-five dollars per
month for two months ending April 15, 1921, and
thereafter at the rate of seventy-five dollars per
month.   Lilly Barrett was employed as a cook at the
agreed wages of thirty dollars per month.   Johnston
was employed by the month at the agreed wages of
seventy-five dollars per month.

1. Under an employment by the day, week or
month, for no fixed time, with no agreement as to the
time of payment the wages are due at the close of
each day, week or month, as the case may be, and
the right to monthly or weekly payments is not
waived by neglecting to demand the wages each week
or month: 26 Cyc. 1051.

The sole management and control of defendant was
vested in one C. R. Shipman.   On February 25, 1921,
Shipman left Oregon and went to Chicago, Illinois,
and at the time of leaving informed his employees
above named that he would be absent but a short time,
and that in his absence his clerk and bookkeeper,
Fred Williams would have charge of the orchard and
ranch.   Shipman did not return to Oregon until May
20, 1921, and in the meantime did not communicate
with any of his employees, with the exception, per-
haps, of Williams.   He did not provide any means of
paying the employees of defendant in the interval,
although he knew that the wages earned by each indi-
vidual in that employment constituted his or her only
source of income.

About May 1st, Williams left the Glenbrook Farms
and took a position as clerk in a hotel in Roseburg.
In response to inquiries addressed to Williams by
the above-named employees as to how and when their

wages would be paid by defendant, and to demands made upon him by some of the said employees for payment of their wages, Williams gave no satisfaction. Consequently, on May 11, 1921, plaintiff, in his own behalf, and as assignee of each of the claims of the above-named employees against the defendant for wages, and also as assignee of two claims of one Samuel Ball arising in 1920, one for $26 for services performed and the other for $469.56 for grain and other merchandise furnished the defendant, commenced this action against the defendant, and incorporated in his complaint seven causes of action, one for each of the claims above mentioned, including his own. Plaintiff claimed attorneys' fees upon each of the labor claims, basing such claim upon section 6799, Or. L.

With exceptions that need not be noticed for the reason that defendant admitted the amounts claimed to the extent found by the court, defendant answered, admitting the indebtedness claimed in each of the causes of action stated in the complaint substantially in the amount set forth therein, but denied the claims for attorneys' fees made by plaintiff in his complaint. By affirmative allegations in his answer, defendant attempted to state facts showing that the separate contract upon which the claim of plaintiff in each cause of action is based, was such that no right of action accrued thereon until demand had been made on defendant for payment. Defendant also alleged that no demand for payment was made upon any of plaintiff's claims prior to the commencement of the action. The affirmative allegations of defendant's answer were denied by plaintiff's reply.

By consent of the parties, the cause was tried by the court without a jury. The court found in favor

of plaintiff upon all the causes of action for the amounts admitted by defendant, and that they were due and owing at the commencement of the action, except plaintiff's personal claim for wages, upon which the court found the amount claimed by plaintiff was due and owing. The court also found in favor of plaintiff for attorneys' fees upon the first and second causes of action, and found against plaintiff upon his claim for attorney's fees made in his third, fourth and fifth causes of action, respectively.

The amounts, claimed by plaintiff, admitted by defendant and found by the court to be due and owing from defendant to plaintiff upon each cause of action are shown by the following schedule:

| Cause of Action. | Claimed. | | Admitted. | Found. | |
|---|---|---|---|---|---|
| First | $445.60 | | $397.60 | $445.60 | |
| | | $25.00, atty. fee | | | $25.00, Atty. fee |
| Second. | 60.00 | | 60.00 | 60.00 | |
| | | 15.00, " " | | | 15.00, " " |
| Third. | 150.00 | | 150.00 | 150.00 | |
| | | 15.00, " " | | | |
| Fourth. | 96.00 | | 63.00 | 63.00 | |
| | | 15.00, " " | | | |
| Fifth. | 422.50 | | 422.50 | 422.50 | |
| | | 20.00, " " | | | |
| Sixth. | 26.00 | | 26.00 | 26.00 | |
| Seventh. | 469.56 | | 469.56 | 469.56 | |
| | $1669.66 | $90.00 | $1588.66 | $1636.66 | $40.00 |

Upon the findings so made, the court entered judgment against defendant for $1,636.66, and the further sum of $40 as attorney's fees. Defendant appeals from that judgment and assigns as error, the findings of the court to the effect that each of the above items of indebtedness was due and owing at the time the action was commenced; defendant also complains that the allowance of attorney's fees upon the first and second causes of action was error.

2. Defendant in each instance predicates error upon the claim that the finding complained of "is contrary to the evidence in this case," or "is not supported by the evidence." Upon examination of the foregoing schedule, it will be noticed that the amount of indebtedness which the court found due and owing from defendant to plaintiff upon each cause of action, except the first, is identically the sum admitted by defendant as the amount in which he was indebted upon the labor contract set forth in the particular cause of action. Obviously defendant cannot question findings which accord with his express admissions in the case. Defendant contended that he was indebted to plaintiff upon the first cause of action in a sum $47 less than that claimed by plaintiff. Evidence was introduced upon the issue thus made between plaintiff and defendant, and upon the evidence submitted the court found in accordance with the claim of plaintiff.

The court did not allow attorney's fees upon any of the causes of action, except the first two. Defendant did not dispute the amount of attorneys' fees allowed by the court, but contended that under the facts and the law, plaintiff was not entitled to attorney's fees at all. Plaintiff based his claim to attorney's fees upon affirmative allegations of fact that brought him within the provisions of Section 6799, Or. L., which provides that reasonable attorney's fees shall be allowed in such cases. Plaintiff offered competent evidence in support of those allegations, and the court found in his favor.

The court also found that the terms of employment in each case were such that no demand was necessary to entitle the employees to a right of action, thus rejecting the contention presented by defendant's an-

swer, that the action was commenced prematurely. The findings of the court upon the issues last referred to are supported by the great preponderance of the evidence. There was no substantial evidence in the case supporting the further claim made by defendant, that a mutual, open and current account existed between plaintiff and defendant, concerning which a demand for an accounting and a refusal were necessary to mature a right of action in favor of plaintiff.

3. Where there is competent evidence to sustain a finding made by the court in the trial of a law action without a jury, such finding cannot be disturbed upon appeal: *Turner* v. *Cyrus,* 91 Or. 462 (175 Pac. 279), and earlier Oregon cases therein cited.

In the instant case there was not only some competent evidence to support the findings of fact made by the court, but such findings, except as to three items, were sustained by the admissions of defendant; and as to the three items referred to, the record discloses that the great weight of the testimony supported those findings.

Herman Bauer, R. E. Johnston and Lilly Barrett, assignors of plaintiff, had not quit their employment when the action was commenced, but continued in the employment of defendant for some time thereafter. The last month for which wages were due and payable to the employee in each case, expired upon a date in April, 1921. The court allowed a recovery to May 10, 1921, upon each of the claims mentioned. In the case of the Bauer claim, twenty-four days of the current month had expired; and in the cases of the Johnston and Barrett claims, twenty-one days and fourteen days, respectively.

Defendant assigns as error the inclusion of allowances in the findings of a recovery for the above-mentioned periods, claiming that so much of each claim as is based upon part of a month, was not due when the action was commenced. The defendant did not raise the question presented by this assignment by his pleadings or upon the trial. No exception was taken to the findings made by the court, and no request was made for specific findings in respect to those matters.

4. A request addressed to the trial court for a ruling upon the question and an adverse ruling thereon to which an exception was taken and recorded were necessary in order to entitle defendant to a review upon appeal of the action of the trial court. Without such request ruling and exception, the trial court violated no duty to the defendant: *State* v. *Pointer,* 106 Or. 589, 602 (213 Pac. 621).

Plaintiff, in his brief, insists that the record on this appeal clearly shows that there was no probable cause for taking an appeal herein, and demands that in addition to affirming the judgment, this court shall give judgment in favor of plaintiff for 10 per cent upon the amount of the judgment appealed from, for damages for delay, in accordance with the directions of Section 560, Or. L.

5. There is some merit in the question suggested by defendant's assignment of error last above discussed, and if defendant had made a sufficient record in the trial court, and brought the same here, it might have resulted in a reduction of the judgment. The statute (Section 560, Or. L.) was not intended to apply in cases involving debatable legal questions, the failure to obtain a review of which is solely due

to some defect or omission in the record, arising from the failure to observe a rule of practice.

The judgment of the trial court is affirmed.

AFFIRMED.

BEAN, BROWN and RAND, JJ., concur.