Submitted on briefs January 28, affirmed March 10, 1925.

## STATE EX REL. SWALKO *v.* W. C. ELLIOTT ET AL.

### (233 Pac. 867.)

**Appeal and Error—Jury's Finding on Conflicting Evidence not Disturbed.**

1.  Determination by jury on conflicting evidence of questions of fact cannot be disturbed (Const., Art. VII, § 3c).

**Trial—Motion for Nonsuit Concedes Truth of Plaintiff's Evidence.**

2.  Motion for judgment of nonsuit, for purpose thereof, concedes the truth of plaintiff's evidence.

**Appeal and Error—Assignment, not Discussed in Brief, Abandoned.**

3.  An assignment of error not discussed in appellant's brief may be assumed to have been abandoned.

**Assignments—Claim for Wages Assignable.**

4.  A claim for wages is assignable.

**Costs—Bad Faith Appeal, Authorizing Damages, not Shown by Mistake in Judgment.**

5.  A mistake in judgment as to ground for appeal is not the clear and convincing evidence of an appeal in bad faith, authorizing damages under Section 560, Or. L.

**Appeal and Error—Abandonment of Assignment not Abandonment of Appeal.**

6.  An abandonment of an assignment of error is not an abandonment of an appeal.

---

See (1) 4 C. J. 858.   (2) 38 Cyc. 1551.   (3) 4 C. J. 1068.   (4) 5 C. J. 868.   (5) 15 C. J. 285 (1926 Anno.).   (6) 4 C. J. 608.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

This action is prosecuted in the name of the State of Oregon, for the use and benefit of Mike Swalko. On January 30, 1924, Swalko recovered judgment against the defendants, W. C. Elliott, George Scoggin and J. D. Paquet, as individuals, and as copartners

---

1.  See 2 R. C. L. 193.
2.  See 9 R. C. L. 192.
3.  See 2 R. C. L. 178.
4.  See 2 R. C. L. 603.

engaged in business under the firm name of Elliott, Scoggin & Paquet, and the Hartford Accident & Indemnity Company, a corporation, and each of them, for the sum of $1,248.69, and $210.00 as attorney's fees. From this judgment, the defendants appeal and assign as error the failure of the trial court to grant their motion for a nonsuit and the admitting in evidence of "Plaintiff's Exhibit B," the same consisting of assignments of labor claims to Mike Swalko.

AFFIRMED.

For appellants there was a brief over the names of *Mr. R. W. Nicholas* and *Messrs. Davis & Farrell.*

For respondent there was a brief over the names of *Mr. F. M. Phelps* and *Mr. B. A. Green.*

BROWN, J.—This cause is maintained under the provisions of Section 2991, Oregon Laws, requiring every contractor on public works to execute a penal bond with the additional obligation that such contractor shall promptly pay all persons supplying him with labor or material for the prosecution of the work provided for in the contract.

On February 6, 1923, the State of Oregon, through the State Highway Commission, entered into a written contract with the copartnership of Elliott, Scoggin & Paquet, hereinafter designated as the "Contractor," for the construction of a grade on a section of The Dalles-California highway in Wasco County, known as the Tygh Grade section thereof, the contractor agreeing to furnish, among other things, all material and labor to complete the work according to the plans and specifications designated in the contract. For the purpose of securing the performance of the contract and the payment for labor and ma-

terial in the prosecution of the work, the contractor and the defendant Hartford Accident & Indemnity Company executed and delivered to the State of Oregon their bond obligatory, in writing, in the penal sum of $97,025.

While the action is prosecuted in the name of the State of Oregon, we shall designate Mike Swalko as the plaintiff herein.

There is no controversy involving the right of the laborer Swalko to maintain this action under the provisions of our Code hereinbefore alluded to. This provision (Section 2991, Or. L.), has been applied and construed by this court in a number of instances: See *Portland* v. *New England Casualty Co.*, 78 Or. 195 (152 Pac. 253), and *Columbia County* v. *Consolidated Contract Co.*, 83 Or. 251 (163 Pac. 438).

The complaint in this cause states seven several causes of action in favor of Mike Swalko, the plaintiff, and against the defendants. There is no controversy concerning the board and lodging of any of the persons mentioned in the complaint, nor as to the wages paid to them; and it is conceded that demand was made for the balance alleged to be due, as provided by Oregon Laws, Section 6799. The complaint alleges—and the workmen testify—that the workmen were employed by a subcontractor, one Eli Milo, one of the defendants herein, at $5 per day, and that from that wage they paid $1.20 per day for board. The defendants contend that Mike Swalko, Louis Covich, Tony Beno, Marion Vladick, Sam Bovich, Lazo Koran and Arthur Aho were subcontractors, and not day laborers working for a daily wage, and aver that, with the exception of Arthur Aho, all of them had been fully paid before the commencement of this action. The defendants further

claimed that three of the above-named workmen had signed a contract as such subcontractors. In his reply the plaintiff asserted, however, that prior to the time the workmen left Portland the written contract had been abrogated by the mutual consent of all the parties thereto, and that the above-named workmen were then employed by a subcontractor at a daily wage. Evidence was adduced at the trial in support of these averments.

The conflict concerns only these questions: Were the plaintiff and his assignors employed by Eli Milo, a subcontractor, as day laborers, or, were they, as defendants contend, working as subcontractors in the capacity of station men, and, were they fully paid prior to the institution of this action?

There is testimony in the record to the effect that these workmen left Portland and proceeded to Wasco County, where, for the period of time claimed, they were employed by a subcontractor in construction work at a wage of $5 per day, on that part of The Dalles-California highway covered by the contractor's agreement with the State of Oregon. It is alleged, and testimony was offered and received in support of the averment, that the six workmen assigned their wage claims to Mike Swalko, the plaintiff herein. There is some competent testimony in support of every material allegation of the complaint and reply not expressly admitted by defendants. However, there is testimony upon the part of the contractor to the effect that three of the workmen had signed a written agreement, whereby they promised to perform certain construction work by removing earth and rock at a stated amount per cubic yard. There is also testimony that the contractor had paid six of the seven workmen all sums of money due them.

1. The questions presented in this case were for the determination of the jury; and, the jury having found in favor of the allegations of the plaintiff's pleadings, we are bound thereby. It is well settled in this jurisdiction that upon an appeal from a judgment in an action at law the court cannot weigh the evidence.

"No fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict." Or. Const., Art. VII, § 3-c.

See, also, *Farrin* v. *State Industrial Accident Commission,* 104 Or. 452 (205 Pac. 984; *Derrick* v. *Portland Eye, Ear, Nose & Throat Hospital,* 105 Or. 90 (209 Pac. 344); *Reed* v. *National Hospital Assn.,* 106 Or. 471 (212 Pac. 537).

2. The defendants' motion for judgment of non-suit, for the purposes of the motion, conceded the truthfulness of the testimony received into the record for plaintiff: *Brown* v. *Sheedy,* 90 Or. 74 (175 Pac. 613).

3. Defendants assign as error the reception into the record as evidence of Plaintiff's Exhibit "B," the same being the written assignments of five of the workmen. This assignment of error not having been discussed in appellants' brief, we are authorized in assuming that it was abandoned: *Nicholas* v. *Yamhill County,* 102 Or. 615 (192 Pac. 410, 203 Pac. 593); *Carty* v. *McMenamin,* 108 Or. 489 (216 Pac. 228). However, from our examination of the record, Plaintiff's Exhibit "B" was clearly admissible and was competent evidence.

4. That a lawful assignment of a claim for wages can be made in writing or verbally is a principle of law that has long been recognized in this jurisdiction:

*Gregoire* v. *Rourke,* 28 Or. 275, 277 (42 Pac. 996);
*Levins* v. *Stark,* 57 Or. 189 (110 Pac. 980).

5, 6. As a penalty for delay, the plaintiff has filed
a motion for an allowance of damages in the amount
of ten per cent of the judgment, based on Section 560,
Oregon Laws. The motion is supported by the affi-
davit of one of plaintiff's attorneys to the effect
that—

"It is my belief that the appeal in this action is
prosecuted without probable cause, and solely to
hinder and delay."

The affidavit charges that—

"The transcript of the testimony * * discloses
that every question involved * * was solely a ques-
tion of fact for the jury to determine."

Further, that—

"No material exceptions were taken by appellant
in the trial in the lower court."

He further states that appellants have abandoned
their assignments of error.

The language of Section 560 of our Code is plain,
and the writer concedes that the motion to assess
damages is not entirely without merit. But this
court has held that although an appeal may fail, yet,
if prosecuted in good faith, the appellant is not liable
in damages. A mistake in judgment is not conclusive
evidence of bad faith: *Nelson* v. *Oregon Ry. & Navi-
gation Co.,* 13 Or. 141 (9 Pac. 321); *Manary* v. *Run-
yon,* 43 Or. 495 (73 Pac. 1028).

As was stated in a *Per Curiam* opinion in the
case of *Morrison* v. *Hall,* 55 Or. 243, 244 (104 Pac.
963):

"As to the assessment of damages because of an
appeal alleged to have been taken in bad faith, the

case made is not of that clear and convincing character as would authorize the infliction of the statutory penalty.''

See, also, the opinion of this court by Mr. Justice Thayer in *Nelson* v. *Oregon Ry. & Navigation Co., supra,* and the recent case of *Martin* v. *Glenbrook Farms Corporation,* 110 Or. 87 (222 Pac. 1102).

An abandonment of an assignment of error is not an abandonment of an appeal.

The judgment in the instant case bears the legal rate of interest and will afford the plaintiff some compensation for delay, but damages will not be allowed.

The judgment appealed from is affirmed.

AFFIRMED.

Burnett, J., not sitting.