Submitted on briefs March 15; affirmed April 18, 1933.

# FRED CHRISTENSEN, Inc., *v.* HANSEN CONSTRUCTION CO.

(21 P. (2d) 195)

*Jas. L. Conley,* of Portland, for appellants.

*Paul C. King* and *Edward J. Clark,* both of Portland, for respondent.

BEAN, J.   During the fall of 1930 the Hansen Construction Company was engaged in the construction of a building, the Northwestern Electric Company, and

employed the plaintiff company to make certain excavations in connection with the job. Plaintiff's work was completed October 9, 1930, and an invoice was mailed for the work when it was done. The building itself was finished February 28, 1931. After sending a statement to the Hansen Construction Company, Fred Christensen, an officer of the plaintiff company, called upon Mr. Hansen about the 23d of December, 1930, and asked for a trade acceptance. Mr. Hansen signed the trade acceptance for the defendant Hansen Construction Company, and it was discounted by plaintiff. The trade acceptance was payable sixty days from date. This acceptance was not paid. June 10, 1931, plaintiff filed his complaint in the circuit court seeking recovery from the defendant Hansen Construction Company and from defendant Union Indemnity Company, its surety on the bond given by its codefendant.

The main facts are stipulated by counsel for the respective parties. By the stipulation and agreement the issues in the case have been limited to whether the trade acceptance given by the Hansen Construction Company was given as payment of plaintiff's account, as claimed by the defendant, or whether it was merely collateral for the book account, as maintained by the plaintiff.

The defendant Union Indemnity Company sets up the further contention that the giving of this trade acceptance and extension of time for payment of the account released the surety from its obligation under the bond. Defendants contend that delivery and acceptance of a note, trade acceptance or other security extinguishes the original indebtedness, if it appears from the facts and circumstances that the parties so intended. Citing *Riner v. Southwestern Surety Ins. Co.*, 85 Or. 293 (165 P. 684, 166 P. 952).

It is agreed that there was no express agreement to take the trade acceptance as payment. Defendant contends, however, that the circumstances indicate the trade acceptance was so taken. Under section 2-503, Oregon Code 1930, in a law action tried by the court without a jury, the findings of fact made by the court have the same force and effect as the verdict of a jury. Hence we are not concerned with conflicting testimony.

The circuit court found, from the testimony and circumstances of the case, that Mr. Hansen of Hansen Construction Company did not believe that having been granted this forbearance of sixty days he was satisfying plaintiff's claim in accepting the trade acceptance, and that it was very clear from Christensen's testimony and his conduct that, to finance his obligations, he utilized the trade acceptance, awaiting the completion of the building on February 28, 1931, five days after the trade acceptance matured, and that the trade acceptance was not taken in satisfaction of the claim of plaintiff.

■ It is the general rule that the taking from the contractor or subcontractor of his own written obligation or that of a third person by those who have supplied him with materials or labor, does not of itself discharge a surety on the bond given by the contractor for the protection of laborers and materialmen so as to preclude the recovery thereon by the latter or their assignees or successors. This rule is applied where the indemnitor is a paid corporation. *McRae Grocery Co. v. Independence Indemnity Co.*, and *Independence Indemnity Co. v. Austin*, 33 Fed. (2d) 494, 66 A. L. R. 338, and annotations on page 343; *United States Fid. & G. Co., v. Golden Pressed & Fire Brick Co.*, 191 U.

S. 416 (48 L. Ed. 242, 24 S. Ct. 142) ; *United States use of Fid. Nat. Bank v. Rundle,* 46 C. C. A. 251 (107 Fed. 227, 52 L. R. A. 505).

■■ The taking of the written obligation from the Hansen Construction Company, the contractor, by plaintiff corporation, which had furnished it with labor and materials, would not preclude plaintiff from recovering on the contractor's bond for the reason that such a taking was not a payment of its claim, in the absence of a special agreement that the instrument should be accepted in absolute payment of the debt. The presumption is that it was accepted on condition that it should itself be paid. *Kimmel v. State,* 75 Ind. App. 168 (128 N. E. 708, 130 N. E. 239) ; *United States use of Nicola Bros. Co. v. Hegeman,* 204 Pa. 438 (54 Atl. 344).

It is often held that the extension of time resulting from the acceptance from the contractor of the written obligation of the contractor by one who has supplied the former with labor and materials does not, of itself, injure the surety on the bond given by the contractor to secure claims for labor and materials so as to discharge him. *United States Fid. & G. Co. v. Golden Pressed & Fire Brick Co.,* supra; *Chaffee v. United States Fid. & G. Co.,* 63 C. C. A. 644 (128 Fed. 918) ; *United States Fid. & G. Co. v. United States,* 102 C. C. A. 192 (178 Fed. 692) ; *United States use of J. B. VanSciver Co. v. United States Fid. & G. Co.,* 178 Fed. 721.

■ The extension of time of payment, sixty days, was not an unreasonable one and would appear that it was for the benefit of the surety in order to give the contractor an opportunity to make collections and pay the claim.

In 50 C. J. 141, § 232, we read the following:

"The creditor does not extend the time of payment so as to discharge the surety merely by taking a new security maturing after the debt becomes due, such as * * * a bond or note of the principal as collateral security. The mere taking of the note of the principal does not of itself establish an agreement to give further time, as it is presumed to have been taken as collateral security, and it must have been shown to have been substituted for the previous liability of the principal".

The mere forbearance of the creditor in many instances is beneficial to both parties and is regarded as a tacit acquiescence on the part of all concerned. It is argued that the surety company is fully indemnified, thereby relieving it from any possibility of material injury. In support of this, Stearns on Suretyship, (3d Ed.) p. 123, § 89, states as follows:

"While the doctrine that the surety is discharged by the giving of time is based upon the proposition that the fixing of a new date for the performance of a contract is a material alteration: Yet the reason for the application of such a rule fails, in part, in cases where the surety has been fully indemnified against loss".

■ The fact that plaintiff drew against the acceptance, as a temporary means of financing itself until defendant received his reserve percentages and could pay the open account, does not disclose, as a matter of law, that any substantial right of the surety was affected. Actual prejudice is essential to the discharge of a compensated surety by an extension of time, the rule of *strictissimi juris* being inapplicable to said sureties. 50 C. J. 153, § 252; *People v. Traves,* 188 Mich. 345, 357 (154 N. W. 130) ; *United States use of J. B. VanSciver Co. v. United States Fid. & G. Co.,* supra.

In the present case the defendant failed to prove that the trade acceptance was taken by the plaintiff from the Hansen Construction Company in payment of its claim and also failed to prove that it was prejudiced by the taking of the trade acceptance by plaintiff from the Hansen Construction Company. The burden was upon the defendant to make such proof. The trial court so found, and, there being testimony in support of such finding, it cannot be disturbed upon this appeal.

In *United States Fid. & G. Co. v. Golden Pressed & Fire Brick Co.*, supra, we find the following rule announced: A sixty-day extension of time for the payment of a bill for materials furnished to the principal obligor by a third party does not, at least in the absence of any evidence of loss thereby occasioned, discharge the surety on a bond conditioned not only for the faithful performance of the original contract with the United States for the construction of a public work but for the prompt payment of all persons supplying labor and materials in the prosecution of such work.

Counsel for defendant cited the case of *American Bonding Co. v. United States*, 233 Fed. 364. That was a case where a public contractor, after agreeing with the subcontractor to pay it as the former was paid by the United States, gave his notes, one of which matured after the date of the completion of the contract with the government when final payment was made by the contractor and by him to the subcontractor. The notes were discounted by the subcontractor and frequently renewed and the contractor also paid considerable cash to the subcontractor. The court held there was a material change in the contract, accompanied by such injury to the surety as to relieve it, although a compensated surety, and that the course of dealing ma-

terially changed the terms of payment originally agreed upon and guaranteed, and that the surety was injured by a failure to observe any of the terms of payment and indicated that the payments were unreasonably deferred. The case differs widely from the case in hand.

■ Respondent moves for a judgment against appellants for an additional 10 per cent penalty provided by section 7-514, Oregon Code 1930. That section provides that when a judgment for recovery of money is affirmed on appeal judgment shall be given for 10 per cent on the amount thereof "for damages for the delay, unless it appear evident to the appellate court that there was probable cause for taking the appeal". It appears from the record that the appeal was taken in good faith and that there was probable cause therefor. *Martin v. Glenbrook Farms Corp.*, 110 Or. 87, (222 P. 1102); *State ex rel. Swalko v. Elliott*, 113 Or. 632 (233 P. 867). The motion for 10 per cent penalty is denied.

■ Respondent applies for additional attorney's fees upon this appeal. Under section 46-134, Oregon Code 1930, which provides, in part, that whenever any suit or action is brought in any court of this state upon any policy of insurance of any kind or nature whatsoever, in addition to the amount which he may recover, plaintiff shall also be allowed reasonable attorney's fees, provided that settlement is not made within six months from the date proof of loss is filed with the company. The amendment to this section, chapter 355, Laws of 1931, provides thus:

"If attorney fees are allowed as herein provided and on appeal to the supreme court by the defendant the judgment is affirmed the supreme court shall allow

to the respondent such additional sum as the court shall adjudge reasonable as attorney fees of the respondent on such appeal. * * *''

This action, as above stated, is based upon an indemnity bond. Turning now to the definition of insurance, section 46-101 reads:

''Insurance is a contract whereby one undertakes to indemnify another against loss, damage or liability arising from an unknown or contingent event, whereby the insured or his beneficiary suffers loss or injury''.

And in section 46-117 we find ''Insurance Company'' defined:

''A company, association, partnership or individual engaged in the business of insurance, or suretyship, * * * shall be deemed an insurance company * * *''.

Subdivision ''Fifth'' of subsection (2) of the latter section is as follows:

''Surety Insurance.—Guaranteeing the fidelity of persons holding places of trust, the performance of contracts and bonds and undertakings including the signing thereof as surety''.

And subdivision ''Sixth'' reads thus:

''Credit Insurance.—Against loss or damage from failure of debtors to pay their obligations to the insured''.

See *School Dist. 106 v. New Amsterdam Cas. Co.*, 132 Or. 673 (288 P. 196). A surety who undertakes to pay the debt, if the principal does not, is an insurer of the debt. Pingrey on Suretyship and Guaranty, § 2; *State v. Chicago Bonding, etc., Co.*, 279 Mo. 535 (215 S. W. 20).

Respondent is entitled to reasonable attorney's fees of $50 upon this appeal, making a total of $150 as attorney's fees.

Finding no reversible error in the record the judgment of the circuit court is affirmed.

---

KELLY, J., (dissenting.) For reasons set forth in his dissent in *Spicer, et al. v. Benefit Association of Railway Employees,* post p. 574, decided, on motion, contemporaneously herewith, the writer dissents from that portion of the foregoing opinion allowing plaintiff an additional attorney's fee on appeal.