Argued at Pendleton May 6; affirmed July 30; rehearing denied September 10, 1935

# GIBBS *v.* FIRST NATIONAL INSURANCE CO. OF AMERICA

(47 P. (2d) 943)

*J. T. Donald*, of Baker (Hallock, Donald & Banta, of Baker, on the brief), for appellant.

*H. L. Hess*, of La Grande (Green & Hess, of La Grande, on the brief), for respondent.

RAND, J. This is an action upon an insurance policy which insured plaintiff's household goods against loss by fire in the sum of $800. The cause was tried to a jury and plaintiff recovered judgment for $600 together with attorney's fees and costs, and defendant has appealed.

The policy was issued on August 25, 1932, and the goods burned on September 24 of the same year. One of the conditions contained in the policy was that the entire policy should become void "in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after a loss".

In her proof of loss, plaintiff stated under oath that the total cost of the burned goods was $2,000, and that, after deducting the amount of the depreciation thereof, she had been damaged in the sum of $800.

The defendant contended and so alleged in its answer that this constituted a false swearing upon plaintiff's part in that the cost of the goods did not exceed the sum of $1,200, nor the loss exceed the sum of

$480. The answer also alleged that plaintiff had represented in her sworn proof of loss that a Crosley electric nine-tube radio set had been burned and that the same had been purchased in 1930 for the sum of $200, and that she had been damaged by the burning thereof in the sum of $80, when, in truth and in fact, the burned radio was not a Crosley but a Knight radio which she had purchased for less than $100 and that her loss thereon did not exceed the sum of $50.

These allegations were denied by the reply which affirmatively alleged that plaintiff was assisted by a Mr. Adams, an adjuster of the defendant company, in preparing her proof of loss, and that she had told him that she did not remember the make of the radio but thought it was like a Crosley radio and, as she remembered it, the advertised retail price was approximately $200, and that she had purchased it for about the sum of $100, the exact amount not then being known by her; that he had informed her that it was not necessary to give the exact amounts but that the same should be given in accordance with her best recollection and knowledge; that, in furnishing a list of the burned items and the cost thereof, she had not intentionally or knowingly made any misstatement, or with any intent upon her part to deceive or defraud.

Upon the trial, the defendant attempted to show that the plaintiff, in her proof of loss, had misrepresented and falsely stated the cost and value of three items, namely: the radio above referred to, a phonograph, and the kitchen range.

In respect to said radio, the uncontradicted evidence showed that it was an all electric Knight radio and not a Crosley radio, but it was proven that at the time of its purchase the manufacturer of the burned radio had offered the same for sale to dealers for the sum

of $87.48 and had fixed the retail price to be charged by such dealers at $184, and that plaintiff had purchased the same as a dealer at the dealers' price of $87.48 and had paid the freight charges thereon which amounted to the sum of $16. These prices were established by a printed advertisement published by the manufacturer thereof, which recited that the price to the dealer was $87.48 and that the price to be charged by the dealer upon making a sale thereof was $184, and plaintiff testified that, in stating the cost price to the adjuster who inserted it in the proof of loss, she gave him the retail price and not the amount which she had actually paid therefor.

Upon the other two items objected to, there was a complete failure of any proof of any misrepresentation made by plaintiff in respect thereto.

The evidence showed that the defendant company, in resisting payment of plaintiff's claim, had entertained a suspicion that the plaintiff herself had caused the fire. Plaintiff was not present at the time of the fire. The fire occurred in the evening of September 24 in a farm house about a mile and a half from North Powder, and while plaintiff was in the town of Union, a long distance away, and she had not been at the place of the fire at any time during that day.

The defense was based principally upon two writings which the defendant obtained from her on December 5, 1932, and in one of which she stated:

"The radio which was destroyed by fire at my home Sept. 24, '32, was a Knight radio purchased direct from Chicago, for which I paid less than $100.00, and was purchased in the fall of 1929 or spring of 1930. I listed this radio in my claim to the First National Ins. Co., as a Crosley purchased in 1930 at a cost price of $200."

The other of said writings was in the following words and figures:

State of Oregon
"Time 3:45   Department of State Police No. 4497
Place                 Officer's Report        County——
Subject Mrs. Della Gibbs                      Dec. 5, 1932

The inventory which I filed with Mr. Adams for the purpose of making claim against the First National Insurance Co. of America under policy No. OR-104723 which covered my household furniture for $800.00 against loss by fire was padded. The cost of this household goods would be $1200.00 and I claimed in my inventory $2000.50.

My reason for padding this claim was so I could collect the full amount of my policy, or $800.00, after the depreciation had been taken.

Signed—Della Gibbs.

Witnesses:

S. C. Linville
H. H. Pomeroy
C. A. Warren."

These writings were not written by the plaintiff but were obtained under the following circumstances: On that day, plaintiff was living in the town of North Powder and was requested by the town marshal to go to his office. Upon plaintiff's arrival there, he introduced her to an adjuster of the defendant company and two members of the state police, who were there for the obvious purpose of obtaining from plaintiff some admission upon which she could be charged with a criminal offense. They kept her there for some three hours and, according to her testimony, subjected her to a severe examination, causing her to become confused and to make the admissions contained in the writings. The adjuster and the two officers were witnesses in

the case and they each testified for the defendant. The gist of their testimony was that the plaintiff admitted that she had padded her claim, not by the insertion of any items not burned but by exaggerating the cost of the burned articles and their present value at the time of the fire. They testified that she said that she had been informed by some friend whose name she refused to disclose that she should state the values of the burned articles for enough to entitle her to the full amount of her insurance.

There were a large number of disinterested witnesses called by the plaintiff, who testified that the burned articles were worth far in excess of the amount for which they had been insured.

■ There was no motion for a directed verdict but the question of the sufficiency of the evidence to justify the verdict was attempted to be raised by motion for a new trial which the court properly overruled as there was abundant evidence, if believed, to justify the verdict. That question, however, is not before us since, for the purposes of an appeal, it can not be raised by a motion for a new trial.

■ In charging the jury, the court instructed the jury "that if you believe from the evidence in this case and the writing introduced in evidence signed by Della Gibbs admitting false statements, if any, was obtained under the influence of hope or fear, then you have the right to utterly disregard this statement". This, defendant contends, was error in that if the statement was obtained under the influence of hope or fear that fact would not invalidate the entire statement. The only misstatement contained in the writings is that the radio was misnamed and the cost price incorrectly given and that the claim was padded, so that plaintiff

could collect the full amount of her policy after the depreciation had been deducted. These statements were so closely related that, if the making of them had been induced by fear of prosecution or by duress, they should be disregarded and, when disregarded, there would be nothing material remaining. Under such circumstances, the whole statement was either good or bad and, if bad, it should be wholly disregarded.

The fact that there is a distinction between a confession and an admission does not affect the question for we know of no way by which a statement obtained under duress and inadmissible for that reason can be segregated so that a part would be good and a part bad in the absence of some proof that a part of such statement had been voluntarily given. In this case and under the proof, the whole statement was inadmissible if made while plaintiff was acting under duress. When these two statements are examined, it will be seen that, except so far as they refer to a misstatement of fact, none of the remainder has any relevancy, and, in considering what this woman was subjected to, the court ought not be overnice in making distinctions or in criticizing the choice of words used by the court in the giving of the instruction, where no substantial error has occurred.

■ Defendant also contends that the court erred in instructing the jury that since the defendant, in its answer, had denied liability under the policy "said company as a matter of law, waived any defect in any proof of loss filed by the plaintiff or any failure to file any proof of loss". Clearly, the jury could not have understood the court to mean that the words "any defect in any proof of loss" had any reference to any fraudulent representation contained in the proof of

loss. Unless given that meaning, the instruction could not be prejudicial and, as a matter of fact, the court repeatedly told the jury that if the plaintiff had been guilty of fraud or false swearings then she could not recover.

■ Defendant also contends that the court erred in charging the jury "that even if you believe from the evidence in this case that the plaintiff, at North Powder, Oregon, made statements to the witnesses Warren, Pomeroy and or Linville, indicating that she had made false statements in the preparation and submitting of proof of loss, that this could only be considered by you as evidence as to whether or not she did so make such false statements knowingly and intentionally, and if you believe from the evidence that she actually made such statements to said witnesses, if you further believe from the evidence that in the preparation of said proof of loss and the submitting of the data to Mr. Adams, she did not knowingly and intentionally make any such false statements, as claimed by the defendant, and this would not be regarded as any defense to plaintiff's complaint". While this instruction is not as clear as it might be the effect of it is merely to instruct the jury that if the plaintiff had indicated to Warren, Pomeroy and Linville that she had made false statements or, in other words, inaccurate statements, yet if she did not knowingly or intentionally make such false statements at the time she made her proof of loss, then she could recover. We do not think that the giving of this instruction was error.

■ The defendant also objects to the following instruction: "I instruct you, ladies and gentlemen of the jury, that the failure of the plaintiff in this case to sustain the truth of her statements as to the value of the

property submitted at the time of the preparation of proofs of loss, does not of itself constitute sufficient evidence of false swearing." While it is true that a mere discrepancy between the insured's sworn statement as to the loss or injury and the amount or extent thereof as shown on the trial is not in and of itself alone sufficient evidence of false swearing, yet it may constitute some evidence of fraud. The objection is that the instruction failed to state that, although there was a discrepancy shown between the proof of loss and the amount or extent thereof as shown on the trial, such discrepancy may constitute some evidence of fraud. Had the defendant desired to have had the jury instructed that such discrepancy may constitute some evidence of fraud, it should have called the court's attention to the matter at the time and had the instruction qualified in that manner. The court merely said that the plaintiff's failure upon the trial to prove the value of the property as stated in her proof of loss was not in itself alone sufficient evidence of false swearing. This implied that, when that fact was considered in connection with other circumstances in the case, it might be evidence of a false swearing. In view of all the testimony in the case and the instructions given by the court, we do not deem the instruction complained of either misleading or prejudicial.

We find no error in the record and, therefore, the judgment appealed from is affirmed.

■ Under chapter 355, L. 1931, amending section 46-134, Oregon Code 1930, on an appeal to this court by the defendant in an action of this character where the judgment is affirmed, this court is required to allow "such additional sum as the court shall adjudge reason-

able as attorney fees of the respondent on such appeal''. In compliance with said direction of the statute and in conformity to the holding of this court in *Christensen, Inc., v. Hansen Const. Co.,* 142 Or. 549 (21 P. (2d) 195), and *Spicer v. Benefit Assn. of Ry. Emp.,* 142 Or. 574 (17 P. (2d) 1107, 21 P. (2d) 187, 90 A. L. R. 517), it is ordered that plaintiff recover of and from the defendant the additional sum of $150 as attorney fees upon this appeal.

CAMPBELL, C. J., not sitting.